In the Matter of the Application of LAVINIA LALLY, Appellant, to Compel EMILIE LOUISE CRONEN, Respondent, to Produce a Last Will and Testament of MARGARET LOUISA GOWDEY, Deceased.

Second Department, January 15, 1926.

Surrogate's Court — proceeding under Surrogate's Court Act, § 137, to compel production of will — legatee of testatrix agreed to give petitioner by will one-half of her estate — legatee died after testatrix — action is pending to enforce agreement — petitioner is person interested within Surrogate's Court Act, § 314, subd. 11.

In a proceeding instituted under section 137 of the Surrogate's Court Act to compel the production of a will, the petitioner is a person interested within the meaning of subdivision 11 of section 314 of the Surrogate's Court Act, since it appears that the petitioner entered into an agreement with a legatee named in the will, whereby the legatee agreed to give to the petitioner by will one-half of her estate; that an action is now pending to enforce that agreement; and that the legatee died after the testatrix; that by the will of the testatrix which is sought to be produced in this proceeding, the legatee was given all of the estate of the testatrix.

APPEAL by the petitioner, Lavinia Lally, from an order of the Surrogate's Court of the county of Kings, entered in the office of the said Surrogate's Court on the 5th day of December, 1925, dismissing a proceeding to compel the production of the last will and testament of Margaret Louisa Gowdey, deceased.

*Max L. Schallek*, for the appellant.

*Morris Lawrence Golieb* [*Charles W. Stapleton* with him on the brief], for the respondent.

RICH, J. The only question presented by this appeal is whether Lavinia Lally, the petitioner, is interested in the estate of Margaret Louisa Gowdey, deceased.

It is required by section 137 of the Surrogate's Court Act that such a petition must be by a person " claiming to be interested

in the estate of a decedent." The term " interested " is defined by section 314, subdivision 11, of the Surrogate's Court Act as follows: " The expression, ' persons interested,' where it is used in connection with an estate or fund, includes every person entitled, either absolutely, or contingently, to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise except as a creditor."

Petitioner claims that prior to the death of Catherine M. Lally she entered into a contract with her whereby it was agreed that one-half of her estate should at her death pass to the petitioner, and that she agreed to execute a will to that effect. An action is now pending in the Supreme Court to enforce that alleged agreement. Margaret Louisa Gowdey died August 6, 1921, and it is alleged that she left a last will and testament in and by which she bequeathed all of her property to Catherine M. Lally, and that the will is in the possession of the respondent Emilie Louise Cronen. Catherine M. Lally died January 8, 1923, and by her last will and testament, which has been duly admitted to probate, gave all of her property to the respondent, Emilie Louise Cronen.

The petitioner claims a half interest in the property and estate of Catherine M. Lally in pursuance of the alleged agreement, and the amount of her interest depends to a great extent upon the amount that Catherine M. Lally received or became entitled to receive from the estate of Margaret Louisa Gowdey, deceased. It is, therefore, of interest to her to know the amount of the Gowdey estate, to which Catherine M. Lally became entitled, and it seems to be clear that she is a person claiming to be interested in the estate of Margaret Louisa Gowdey, deceased, through and in consequence of her claim against the estate of Catherine M. Lally, and that the learned surrogate ought to have entertained the appellant's petition.

The order of the Surrogate's Court of Kings county should, therefore, be reversed on the law, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur.

Order of the Surrogate's Court of Kings county dismissing proceeding to compel production of will reversed on the law, with ten dollars costs and disbursements.