■ In the Matter of the Estate of MARY DE BELARDINO, Also Known as MARY DE BERARDINIS, Deceased.— Decree unanimously affirmed, without costs. Memorandum: The decedent was an 82-year-old illiterate widow who died intestate on December 13, 1972. By power of attorney dated February 6, 1970 she had appointed her nephew (the appellant) as her attorney in fact. The appellant borrowed more than $65,000 from a bank in a series of transactions, the decedent signing as guarantor of the loans and pledging certain of her stocks as collateral. When appellant defaulted on the loans, the bank executed against decedent's stocks. One week before decedent died, appellant made a gift of more than half of decedent's estate to himself, including some of her stocks, by executing a deed pursuant to the power of attorney. In a proceeding instituted to revoke appellant's letters, the Surrogate's Court, without a hearing, held appellant ineligible to act as coadministrator of the estate on the ground of "improvidence" under the statute (SCPA 707, subd. 1, par. [e]) based upon two facts: (1) that appellant breached a fiduciary duty owed to the decedent by attempting to make a gift of her securities to himself, and (2) that appellant had defaulted on loans secured by decedent's collateral, thereby creating a conflict of interest between appellant and decedent's estate. A more appropriate statutory basis for the Surrogate's decision in the present case might well be "dishonesty" (SCPA 707, subd. 1, par. [e], see 2 Jessup-Redfield, Surrogates' Law and Practice [rev. ed.], §§ 1696, 1698). " ' The dishonesty contemplated by the statute must be taken to mean dishonesty in money matters from which a reasonable apprehension may be entertained that the funds of the estate would not be safe in the hands of the executor ' " (*Matter of Flood*, 236 N. Y. 408, 411; accord *Matter of Martin*, 16 A D 2d 807). Regardless of whether appellant is ineligible on the ground of "improvidence" or on the ground of "dishonesty" we think the Surrogate properly revoked appellant's letters of administration (SCPA 707, subd. 1, par. [e]). We further conclude that while the Surrogate is not required to make findings of fact (SCPA 505), where there are issues in dispute the Surrogate may not revoke letters or remove a fiduciary without a hearing (*Matter of Thieriot*, 188 N. Y. 589; *Matter of McDonald*, 160 App. Div. 86, 87, affd. 211

N. Y. 272; *Matter of Graves,* 110 N. Y. S. 2d 763; 1 Harris, Estates Practice Guide [3d ed.] § 391). However, under the circumstances of the present case, the Surrogate properly ordered the removal of appellant as coadministrator. The facts in the record before us reveal that five days prior to the filing of the petition in the present case the Surrogate had held a hearing in a related case to determine whether the securities which the appellant had deeded to himself were actually assets of the estate. All parties in the present proceeding were represented at the prior hearing, Evidence taken at the prior hearing (which established that appellant improperly made a gift to himself of decedent's securities) as well as appellant's verified answer filed in the related case, which admitted that the decedent had pledged her securities as collateral for loans made to the appellant, afforded the Surrogate a sufficient factual basis on the record for his determination. We have considered the other points raised by appellant and find them to be without merit. (Appeal from decree of Monroe County Surrogate's Court removing administrator.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.