■ In the Matter of the Estate of NICHOLAS MARSH, Also Known as NICHOLAS V. MARSH, Deceased. BANK OF NEW YORK, as Preliminary Executor of IRENE B. MARSH and Another, Deceased, et al., Respondents; ADRIENNE M. LEFKOWITZ, Appellant, et al., Respondents.

The record shows that the corporations affiliated with the estate were in severe financial condition at the time the petitioner resigned as Chief Operating Officer and she was shortly thereafter restrained by the Surrogate from entering their offices. These corporations required the services of the temporary administrator appointed by the Surrogate and the management team he formed of other interested family members.

Accordingly, the temporary administrator and several other attorneys representing other family beneficiaries entered the offices and sorted through countless papers, strewing them about, and segregating any items that seemed to relate to petitioner personally. While petitioner claims that attorney-client privileged documents were viewed by opposing counsel and later used to her detriment in the proceeding that resulted in her removal as preliminary executrix *(Matter of Marsh,* 173 AD2d 336, *appeal dismissed* 78 NY2d 990), there is no evidence of any such viewing or any usage, and thus no

grounds for disqualification. *Matter of Beiny* (129 AD2d 126, *rearg denied* 132 AD2d 190, *lv dismissed* 71 NY2d 994), relied on by petitioner, is distinguishable. There, a law firm improperly subpoenaed attorney-client privileged documents during pretrial disclosure and used them to its advantage in willful disregard of procedural rules. Here, there was no such wrongful conduct. We have considered the other issues raised and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas and Kassal, JJ.