■ In the Matter of the Estate of JACK SHAW, Also Known as JACK SCHLOMOWITZ, Deceased. JULES J. HASKEL, Respondent; SARA I. SHAW et al., Appellants.—In a probate proceeding, the objectants appeal from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated May 8, 1990, which, after a hearing, *inter alia,* dismissed their objections to the issuance of letters testamentary to Jules J. Haskel.

Ordered that the decree is affirmed, with costs payable by the estate.

In this proceeding, the testator's surviving wife, daughter, and son object to the issuance of letters testamentary to Jules J. Haskel, on the ground that he manipulated the testator into designating him as a coexecutor, and that he failed to disclose to the testator his entitlement to receive commissions and legal fees from the estate. The objectants additionally assert that a conflict of interest exists between Jules J. Haskel and the estate, which bars him from serving as a coexecutor.

We disagree. There is conflicting testimony on the issue of whether Jules J. Haskel was guilty of overreaching and whether he disclosed the commissions and legal fees to be charged. The Surrogate credited the testimony of Jules J. Haskel, which was corroborated in part by the testimony of the objectants themselves. We find no reason to disturb the finding of the Surrogate *(cf., Matter of Weinstock,* 40 NY2d 1; *Matter of Atterbury,* 173 AD2d 817).

We further find that the potential conflict of interest be-

tween Jules J. Haskel and the estate does not bar his service as a coexecutor. The law is well settled that a testator's selection of a fiduciary must be given great deference and that the Surrogate's power to refuse to grant letters is limited by statute *(see, Matter of Flood,* 236 NY 408; *Matter of Leland,* 219 NY 387; *see also, Matter of Marsh,* 179 AD2d 578). A potential conflict of interest between a fiduciary and a party interested in the estate does not warrant the denial of letters to, or removal of, a fiduciary *(see, Matter of Jeulich,* 81 AD2d 919; *Matter of Foss,* 282 App Div 509). Rather, it is actual misconduct, not a conflict of interest, that justifies the removal of a fiduciary *(Matter of Foss, supra; Matter of Marsh, supra).* Under the facts of the instant case, we find that the objectants have failed to demonstrate that Jules J. Haskel engaged in misconduct. Accordingly, we affirm the decree of the Surrogate. Bracken, J. P., Harwood, Miller and Copertino, JJ., concur.