■ In the Matter of the Estate of AARON RIMLAND, Deceased. JEFFREY RIMLAND, Appellant; MARILYN WAXMAN et al., Respondents. [614 NYS2d 26] —In a probate proceeding, nominated coexecutor Jeffrey Rimland appeals (1) from a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated May 7, 1992, which, after a hearing, granted the motion of nominated coexecutor Marilyn Waxman to, inter alia, remove him as preliminary coexecutor and disqualify him from acting as a permanent fiduciary of the estate of Aaron

Rimland, and (2), as limited by his brief, from so much of an order of the same court, dated August 27, 1992, as, upon granting his motion for renewal and reargument, adhered to the original determination to remove and disqualify him.

Ordered that the appeal from the decree dated May 7, 1992, is dismissed, as that order was superseded by the order dated August 27, 1992, made upon renewal and reargument; and it is further,

Ordered that the order dated August 27, 1992, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs payable by the appellant personally.

The Surrogate properly removed the appellant as preliminary coexecutor and disqualified him from acting as a permanent fiduciary of the estate. Although it is well settled that a testator's selection of a fiduciary must be given great deference (see, Matter of Flood, 236 NY 408; Matter of Shaw, 186 AD2d 809; Matter of Marsh, 179 AD2d 578), a fiduciary may be removed upon a showing of improvident management of assets, misconduct in the execution of duties or unfitness for office (see, SCPA 711, 719; Matter of Farber, 98 AD2d 720). Contrary to the appellant's contention, the record supports the Surrogate's finding that he intentionally delayed in offering the decedent's codicil for probate because the codicil bequeathed the decedent's interest in the appellant's residence to the appellant's children rather than to the appellant. It is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect (see, Birnbaum v Birnbaum, 73 NY2d 461, 466; Meinhard v Salmon, 249 NY 458, 463-464), and here the appellant breached that duty by failing to file the codicil in the hope that he could obtain his coexecutor's consent to abrogate the codicil.

We have examined the appellant's remaining contentions, and find that they are without merit. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.