■ In the Matter of AARON RIMLAND, Deceased. MARILYN WAXMAN et al., Appellants; JEFFREY RIMLAND et al., Respondents. [628 NYS2d 809] —In a probate proceeding, Marilyn Waxman, the nominated executrix, appeals from (1) so much of an order of the Surrogate's Court, Suffolk County (Snellenburg, S.) dated August 22, 1994, as, upon the court's own motion, (a) appointed the Public Administrator as limited administrator of the decedent's estate for the purpose of prosecuting a proceeding to disqualify her as a fiduciary, and (b) directed the clerk to issue limited letters of administration to the Public Administrator for this purpose, and (2) so much of a decree of the same court dated August 29, 1994, as, upon admitting the decedent's will to probate, failed to direct the issuance of letters of trusteeship to her in accordance with the decedent's will, and Samuel Waxman, a trust beneficiary under the decedent's will, appeals from so much of the decree as failed to direct the issuance of letters of trusteeship to Marilyn Waxman.

Ordered that the order dated August 22, 1994, is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the provisions of the order which (a) appointed the Public Administrator as limited

administrator of the decedent's estate for the purpose of prosecuting a proceeding to disqualify her as a fiduciary and (b) directed the clerk to issue limited letters of administration to the Public Administrator for this purpose are vacated; and it is further,

Ordered that the decree dated August 29, 1994, is modified, on the law and as a matter of discretion, by adding thereto a provision directing the issuance of letters of trusteeship to Marilyn Waxman; as so modified, the decree is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Suffolk County, for further proceedings consistent herewith.

Marilyn Waxman and Jeffrey Rimland were named in the decedent's will as co-executors of the decedent's estate, and as co-trustees of a trust established for the benefit of the decedent's widow, Minnie Rimland. Marilyn Waxman was also named as the trustee of a trust established for the benefit of her son. She was also named to serve as the successor trustee of two separate trusts established for the benefit of Jeffrey Rimland's two children in the event that Mr. Rimland himself were to "fail to qualify or cease to act for any reason". Mr. Rimland has previously been disqualified from acting as a fiduciary based upon proof that he intentionally delayed in offering a certain codicil to the will to probate, and that, in so doing, he violated his "duty of undivided and undiluted loyalty to those whose interests [he was] * * * to protect" (*Matter of Rimland*, 205 AD2d 693, 694, citing *Birnbaum v Birnbaum*, 73 NY2d 461, 466; *Meinhard v Salmon*, 249 NY 458, 463-464).

In April 1993, Jeffrey Rimland commenced a proceeding to disqualify Marilyn Waxman from acting as fiduciary (*see*, SCPA 711 [2]). In July 1994, Marilyn Waxman moved to dismiss this proceeding pursuant to CPLR 3126 on the grounds that Jeffrey Rimland had willfully refused to make disclosure. In the meantime, the parties had agreed to admit the will of the decedent to probate during the pendency of Mr. Rimland's removal proceeding, and the Acting Surrogate had directed them to settle a decree. Marilyn Waxman submitted a proposed decree which included a directive that letters testamentary be issued to her, subject to the posting of a bond, and a directive that letters of trusteeship be issued to her. Counsel for David Rimland, Jeffrey's son and one of the trust beneficiaries, submitted a proposed decree which omitted any directive that letters of trusteeship be issued.

On August 22, 1994, the Acting Surrogate granted Marilyn Waxman's motion to dismiss the proceeding to remove her as

fiduciary only to the extent of precluding Jeffrey Rimland "from supporting the claims set forth in his petition" (see, CPLR 3126 [2]). The motion was otherwise denied. Also, the Acting Surrogate, on his own motion, appointed the Public Administrator as "Limited Administrator of decedent's estate for the * * * purpose of prosecuting the * * * [removal] proceeding" and directed the issuance of limited letters of administration for this purpose. Marilyn Waxman's notice of appeal is specifically limited to the portion of the Acting Surrogate's order which was made *sua sponte*.

On August 29, 1994, the Acting Surrogate signed a decree admitting the decedent's will to probate and directing the issuance of letters testamentary to Marilyn Waxman, subject to the posting of a bond. The preliminary letters testamentary which had been issued to her were revoked. Both Ms. Waxman and Samuel Waxman appeal from so much of this decree as fails to direct the issuance of letters of trusteeship to Ms. Waxman.

We reverse the order dated August 22, 1994, insofar as appealed from, and modify the decree dated August 29, 1994.

The allegations of the petition filed in support of Mr. Rimland's proceeding to disqualify Ms. Waxman as fiduciary do not call into question her fitness to serve as testamentary trustee to any greater extent than they call into question her fitness to serve as executrix. We see no basis for the Acting Surrogate's decision to issue letters testamentary while withholding the issuance of letters of trusteeship. The record does not, at this stage, contain evidence sufficient to warrant Ms. Waxman's removal from either one of these positions in light of the will (see generally, Matter of Flood, 236 NY 408; Matter of Leland, 219 NY 387; Matter of Shaw, 186 AD2d 809; Matter of Marsh, 179 AD2d 581). The decree dated August 29, 1994, should therefore be modified so as to direct the issuance of letters of trusteeship as well as letters testamentary to Marilyn Waxman.

The Acting Surrogate improperly appointed the Public Administrator as Limited Administrator of the estate and improperly directed that limited letters of administration be issued to him. Assuming, without deciding, that there is statutory authorization for the appointment of the Public Administrator for the sole purpose of petitioning the Surrogate for the removal of a fiduciary (SCPA 711 [2]; 702 [9]), such relief is not warranted in a case, such as this one, where there are individuals interested in the estate who could bring such a removal proceeding in his or her own right. In this case even if we were to assume that the sanction imposed upon Mr. Rimland pursu-

ant to CPLR 3126 (2), constitutes the effective equivalent of a dismissal of his proceeding, there are other beneficiaries who could maintain such a proceeding, including one individual who has expressed a willingness to initiate another removal proceeding. For these reasons, the order dated August 22, 1994, should be reversed insofar as appealed from by the appellant Marilyn Waxman. Bracken, J. P., Thompson, Hart and Goldstein, JJ., concur.