■ In the Matter of the Estate of ELEANOR SHEPHARD, Deceased. JOHN SHEPHARD et al., Appellants; GARY SHEPHARD, Respondent. (And Another Related Proceeding.) [671 NYS2d 561] —Crew III, J. Appeal from an order of the Surrogate's Court of Delaware County (Estes, S.), entered February 7, 1997, which, *inter alia*, granted respondent's application to have letters of administration of the estate of Eleanor Shephard issued to him.

On December 29, 1995, Eleanor Shephard (hereinafter decedent) died as the result of an automobile/snowmobile collision. Decedent was survived by petitioners, her two sons, and respondent, her husband. Several months prior to decedent's death, respondent commenced an action for divorce against decedent, and decedent answered and counterclaimed for a decree of separation.

Thereafter, on or about February 8, 1996, petitioners filed an

application requesting that letters of administration be issued to them. Although it appears that respondent initially was inclined to consent to this application, petitioners' alleged unwillingness to permit respondent to participate in any negligence or wrongful death action that might arise from decedent's death caused respondent to "re-think his position". As a result, respondent petitioned for letters of administration in April 1996.

Petitioners thereafter moved by order to show cause to dismiss respondent's petition contending, *inter alia*, that respondent had a conflict of interest that precluded him from acting as a personal representative of decedent's estate. According to Surrogate's Court, petitioners and their counsel failed to appear on the return date and, based upon petitioners' moving papers, denied their application and granted letters of administration to respondent. This appeal by petitioners ensued.

Based upon our review of the record and the relevant statutory authority, we are constrained to affirm the order of Surrogate's Court. SCPA 1001, which sets forth the priority for granting letters of administration, unequivocally provides that the surviving spouse has priority over all other distributees of the intestate (*see*, SCPA 1001 [1] [a]). A distributee's eligibility to receive letters (including letters of administration) is, in turn, governed by SCPA 707 which, insofar as is relevant to this appeal, permits the denial of letters to "one who does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, *or who is otherwise unfit for the execution of the office*" (SCPA 707 [1] [e] [emphasis supplied]). The grounds for disqualification under the statute are exclusive (*see*, *Matter of Foss*, 282 App Div 509, 511).

Here, petitioners contend that respondent is unfit to serve as a fiduciary due to his alleged indebtedness to the estate and his alleged abandonment and nonsupport of decedent during the months prior to her death. With respect to respondent's purported conflict of interest as an alleged debtor, it is well settled that "[a] potential conflict of interest between a fiduciary and a party interested in the estate does not warrant the denial of letters to, or removal of, a fiduciary" (*Matter of Shaw*, 186 AD2d 809, 810; *see*, *Matter of Marsh*, 179 AD2d 578, 580), and respondent's status as an alleged debtor does not automatically provide a basis for disqualification under SCPA 707 (*cf.*, *Matter of Foss*, *supra*, at 513-514). Nor has it been demonstrated on this record that respondent's alleged abandonment

and/or nonsupport of decedent renders him otherwise unfit to serve as a fiduciary here.

In short, although we are not unsympathetic to petitioners' position, the record and the underlying statutory authority support the result reached by Surrogate's Court. Moreover, should subsequent events demonstrate that respondent indeed is unfit to serve as a representative of decedent's estate, petitioners are not without a remedy (*see, e.g.*, SCPA 711 [setting forth the grounds for suspension, modification or revocation of letters or removal for disqualification or misconduct]). In the interim, Surrogate's Court has appropriately safeguarded petitioners' interests by limiting respondent's authority with respect to any negligence or wrongful death action that may arise from decedent's death. Petitioners' remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Mercure and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.