■ In the Matter of the Estate of RAY F. MORNINGSTAR, Deceased. PRYDE L. TRILL et al., Appellants; RAY D. MORNING-STAR et al., as Administrators of the Estate of RAY F. MORNING-STAR, Deceased, Respondents. [801 NYS2d 674]—

Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered May 25, 2004. The order denied the petition seeking, inter alia, to remove respondents as administrators of the estate of Ray F. Morningstar.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners, alleged nonmarital children of decedent, commenced this proceeding seeking, inter alia, to remove respondents, marital children of decedent, from their position as administrators of decedent's estate pursuant to SCPA 711. Decedent died intestate on September 4, 2001. Respondents previously filed a petition seeking a decree establishing the right of inheritance to real property owned by decedent at the time of his death, and petitioners filed a cross petition seeking a decree establishing that they are each entitled to inherit a share of decedent's estate. During the course of those proceedings, petitioners moved to compel the production of available blood and/or tissue samples of decedent for the purpose of conducting DNA testing (*Matter of Morningstar*, 17 AD3d 1060 [2005]). We affirmed the order granting that motion. Before Surrogate's Court issued the order granting the motion, petitioners filed the instant petition herein. We conclude that the court properly denied the instant petition.

Contrary to respondents' contention, petitioners have standing to seek respondents' removal as administrators. Pursuant to SCPA 711, a "person interested" in an estate may petition the court for removal of the fiduciary charged with administering the estate. "Person[s] interested" are those, inter alia, who are "entitled or *allegedly entitled* to share as [a] beneficiary in the estate." (SCPA 103 [39] [emphasis added]). "Where [the SCPA] provides that a 'person interested' may apply for relief, a verified allegation of an interest in fact[ ] suffices for the purpose of the application, although the interest may be disputed, unless or until the fact of interest has been judicially determined and no appeal is pending therefrom" (*id.*; *cf. Matter of Lally*, 215 App Div 369). Although petitioners' status as nonmarital children of decedent is disputed, there has been no judicial determination of that issue, and thus petitioners are still "allegedly entitled" to share as beneficiaries in the estate (SCPA 103 [39]; *cf. Matter of Diaz*, 102 Misc 2d 817, 819 [1979]).

With respect to the merits of the petition, it is well settled that "[a] potential conflict of interest between a fiduciary and a party interested in the estate does not warrant the . . . removal of[ ] a fiduciary . . . . Rather, it is actual misconduct, not a conflict of interest, that justifies the removal of a fiduciary" (*Matter of Shaw*, 186 AD2d 809, 810 [1992]; *see Matter of Marsh*, 179 AD2d 578, 580 [1992]; *Matter of De Belardino*, 77 Misc 2d 253, 255-256, *affd* 47 AD2d 589 [1975]; *Metropolitan Trust Co. of City of N.Y. v Stallo*, 166 App Div 639, 644-645 [1915]). A court may order the removal of a fiduciary if he or she has "wasted the assets of the estate or has otherwise improvidently managed or injured the property committed to his [or her] charge" (*Matter of Giaimo*, 73 Misc 2d 130, 133, *affd* 41 AD2d 600 [1973]). Additionally, "well-documented hostility" between a fiduciary and persons interested in the estate may provide a basis to remove the fiduciary if that hostility "jeopardizes the interests of the beneficiaries and the proper administration of the estate" (*Matter of Rad*, 162 Misc 2d 229, 232 [1994]; *see Matter of Jurzykowski*, 36 AD2d 488, 491-492 [1971], *affd* 30 NY2d 510 [1972]; *Matter of Duell*, 258 AD2d 382, 382-383 [1999]).

Petitioners contend that respondents have wasted estate assets and acted improvidently by engaging in unnecessary and frivolous litigation. Respondents, however, have a duty to protect the estate from claims of "doubtful legality" (*Matter of Hollinger*, 93 Misc 2d 926, 931 [1978]; *see Matter of Lyons*, 186 App Div 161, 166 [1919], *affd* 227 NY 564 [1919]; *Matter of Williams*, 139 NYS2d 483, 487 [1954], *mod on other grounds* 1 AD2d 1022 [1956]; *see generally Matter of Taylor*, 251 NY 257, 263-264). Although respondents have a concomitant duty to avoid unnecessary, frivolous and "vexatious litigation" (*Hollinger*, 93 Misc 2d at 931; *see e.g. Matter of McGillivray*, 138 NY 308, 312-313 [1893]), we conclude that respondents are fulfilling their duty to the estate by requiring petitioners to establish their entitlement to share as beneficiaries in the estate. Present—Pigott, Jr., P.J., Hurlbutt, Pine and Hayes, JJ.