■ In the Matter of the Estate of FILOMENA PALMA, Deceased. ROBERTA FOSHEE, Appellant; HOWARD G. CARPENTER, JR., as Temporary Administrator of the Estate of FILOMENA PALMA, Deceased, et al., Respondents. [835 NYS2d 755]—

Mugglin, J. Appeals (1) from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered February 9, 2006, which, inter alia, revoked petitioner's preliminary letters testamentary, and (2) from a decree of said court, entered April 28, 2006, which, inter alia, granted letters of temporary administration to respondent Howard G. Carpenter, Jr.

Filomena Palma (hereinafter decedent) died testate on July 7, 2005. As her husband, Robert Palma, her named residuary beneficiary and executor, had predeceased her, her will gave equal 25% shares of her estate to her four children, petitioner, James Palma, Thomas Palma and respondent Donna Coppola. Petitioner was named as first alternate executor and, acting in that capacity, petitioned for probate. Preliminary letters testamentary were issued to her, ex parte, on August 24, 2005. On September 2, 2005, proceeding by way of an order to show cause, respondent Estate of Robert Palma, later joined by Coppola, sought revocation of petitioner's preliminary letters. Based on authority found in SCPA 711 and 719, Surrogate's Court, without holding a hearing, revoked the preliminary letters. On April 28, 2006, Surrogate's Court granted temporary letters of administration to respondent Howard G. Carpenter, Jr., who, during decedent's lifetime, had acted as guardian of her property pursuant to an appointment in a CPLR article 81 proceeding. Petitioner appeals from both orders arguing that her removal was both factually and legally incorrect, that, in any event, it should not have been done without a hearing, that Robert Palma's estate lacks standing to seek her removal, and that temporary letters of administration should not have issued without a hearing.

We begin with the procedural issue of standing. As an acknowledged creditor of the estate of Filomena Palma (*see*

*Matter of Palma*, 17 AD3d 817 [2005]), Robert Palma's estate has standing to challenge the fitness of petitioner to act as executor of the estate (*see* SCPA 711; *see also* SCPA 719 [10]).

We begin our analysis of the issues of revocation of the preliminary letters without a hearing by recognizing that a decedent's choice of executor should be given great deference and not disregarded unless that executor is not legally qualified to act as a fiduciary (*see Matter of Venezia*, 25 AD3d 717, 718 [2006]; *Matter of Hunter*, 6 AD3d 117, 127 [2004], *affd* 4 NY3d 260 [2005]). The grounds for disqualification are limited to those specified in SCPA 707 and 711 (*see Matter of Shephard*, 249 AD2d 748, 749 [1998]; *see also Matter of Marsh*, 179 AD2d 578, 580 [1992]), and the party alleging ineligibility bears the burden of proof (*see Matter of Rad*, 162 Misc 2d 229, 231 [1994]). A potential conflict of interest on the part of a fiduciary, without actual misconduct, is not sufficient to render the fiduciary unfit to serve (*see Matter of Shephard, supra* at 749; *see also Matter of Morningstar*, 21 AD3d 1285, 1287 [2005]; *Matter of Hunter, supra* at 127; *Matter of Shaw*, 186 AD2d 809, 810 [1992]; *Matter of Marsh, supra* at 580). Moreover, the mere fact that a fiduciary owes a monetary debt to an estate, without evidence of misconduct, is not sufficient to disqualify that fiduciary (*see Matter of Shephard, supra* at 749). Friction, hostility or antagonism between a fiduciary and beneficiaries can also disqualify the fiduciary, but only when such enmity threatens to interfere with the administration of the estate (*see Matter of Venezia, supra* at 718; *Matter of Sadowski*, 21 AD3d 1034, 1035 [2005]; *Matter of Morningstar, supra* at 1287; *Matter of Duell*, 258 AD2d 382, 382-383 [1999]; *Matter of Boyle*, 224 AD2d 374, 375-376 [1996]). A fiduciary's misconduct in dealing with related trusts as well as pending related litigation can be evidence of misconduct or insurmountable hostility between parties (*see Matter of Jurzykowski*, 36 AD2d 488, 491 [1971], *affd* 30 NY2d 510 [1972]).

Here, based on the papers submitted and its unique familiarity with the parties and the multiple lawsuits among them over which it has presided, Surrogate's Court found "conflict, divided loyalty, self interest and hostility," which rendered petitioner "unfit for the execution of the office" (SCPA 711 [8]). We agree. Decedent's primary assets consist of a 60% interest in F. Palma Realty and a 40% interest in Palma Lumber Company. Apparently, pursuant to an estate plan, Robert Palma, decedent, F. Palma Realty and Palma Lumber Company conveyed at least five commercial properties to Curry Development Corporation, an entity owned in equal 25% shares by the Palma siblings.

Curry Development issued promissory notes to F. Palma Realty and Palma Lumber Company in exchange for these properties, and petitioner personally guaranteed three notes to Palma Lumber Company and two notes to F. Palma Realty, totaling $1,108,000. Petitioner and her two brothers are contesting the probate of the will of Robert Palma, their father. Curry Development is in the process of being judicially dissolved at the behest of Coppola.

As executor of her mother's estate, petitioner would have a fiduciary obligation to collect the outstanding notes owed by Curry Development to F. Palma Realty and Palma Lumber Company. It appears from this record that the corporation has disposed of the properties conveyed to it. If it is without assets to pay the notes, petitioner is in the untenable position of having to, as executor, collect from herself as personal guarantor. The record further reflects that she has already stated her belief that these notes were never intended to be paid and she did not intend to collect them, but would debit any note owed against any legatee's share of the estate. Under these circumstances, we agree with Surrogate's Court that the conflicts are not merely potential, but are real and presently exist. Moreover, while normally removal should be preceded by a hearing (*see Matter of Duke*, 87 NY2d 465, 472-473 [1996]), here the open hostility between petitioner and Coppola is undisputed, Surrogate's Court had knowledge of alleged financial improprieties stemming from petitioner's management of Curry Development and the existence of the guaranteed loans by decedent is not in dispute. Thus, we conclude that there was sufficient uncontested information which supports the action by Surrogate's Court.

Lastly, Surrogate's Court may appoint a temporary administrator when there is delay in granting letters testamentary (*see* SCPA 901 [1]). The court has discretion not only of its choice of a temporary administrator, but of the procedure used to appoint one (*see* SCPA 902 [1]). A hearing is not required (*see* SCPA 902 [1], [5]).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.