# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1210**
**CA 12-00248**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ESTATE OF CARMEN J.
RUSSO, DECEASED.
-------------------------------------------
DONALD J. RAISER, EXECUTOR OF THE ESTATE        MEMORANDUM AND ORDER
OF CARMEN J. RUSSO, DECEASED,
PETITIONER-RESPONDENT;

JAMIE LYNN RHOAT, OBJECTANT-APPELLANT.

---

ZDARSKY, SAWICKI & AGOSTINELLI, LLP, BUFFALO (GERALD T. WALSH OF
COUNSEL), FOR OBJECTANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Surrogate's Court, Erie County
(Barbara Howe, S.), entered September 6, 2011.  The order, inter alia,
dismissed the objections.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum:  Objectant appeals from an order of Surrogate's Court
that dismissed her objections in their entirety, admitted the will of
decedent, objectant's father, to probate and issued letters
testamentary to petitioner.  We affirm.

Preliminary letters testamentary were issued to petitioner upon
his petition seeking to probate decedent's will.  Objectant filed
objections to, inter alia, the probate, alleging that petitioner was
disqualified to serve as executor of her father's estate based upon a
conflict of interest in connection with decedent's interest in Tread
City Tire, Inc. (TCT) and decedent's classic car collection.
Petitioner moved for summary judgment, opposing the objections on the
ground that no conflict of interest existed.  In response to
objectant's allegation that decedent had an ownership interest in TCT,
petitioner provided evidence in the form of corporate tax returns and
the affidavit of a third party that established that all of the shares
of TCT were owned by the third party and that decedent managed the
business.  Petitioner was employed by TCT as a salesperson.  The
accountant for the corporation advised petitioner that decedent owed
$50,000 to TCT.  Based on the above evidence and the accountant's
statement concerning decedent's debt, petitioner determined that it
would not benefit the estate to bring an action with respect to

decedent's alleged interest in TCT.  It is undisputed that, following decedent's death, petitioner was the manager of Tread City, Inc. (TCI), a new corporation formed by the third party who owned the shares of TCT.  Petitioner expected that, in addition to his salary from TCI, he would have an ownership interest in the corporation at some time in the future.

With respect to decedent's classic car collection, one car was specifically bequeathed to petitioner, and petitioner established that he obtained two appraisals for each of the classic cars.  Two were sold at prices higher than the appraisal price, with objectant's consent, and the remaining cars in the collection were placed in a classic car consignment program.

It is well established that "a decedent's choice of executor should be given great deference and not [be] disregarded unless that executor is not legally qualified to act as a fiduciary . . . A potential conflict of interest on the part of a fiduciary, without actual misconduct, is not sufficient to render the fiduciary unfit to serve" (*Matter of Palma*, 40 AD3d 1157, 1158).  We conclude that petitioner established his entitlement to judgment and that objectant failed to raise an issue of fact whether there has been actual misconduct (*cf. Matter of Duke*, 87 NY2d 465, 475).  Indeed, objectant failed to make any specific allegation of conflict or misconduct (*cf. id.*).

In any event, we note that the Surrogate has the authority, either sua sponte or upon petition, to seek an intermediate or a final account (*see* SCPA 2205 [1]), and may suspend, modify or revoke the letters testamentary in the event that actual misconduct is revealed (*see* SCPA 711).

All concur except FAHEY, J., who dissents and votes to reverse in accordance with the following Memorandum:  I respectfully dissent and would reverse the order, deny the motion, reinstate the objections and remit the matter to Surrogate's Court for a hearing.  In my view, petitioner failed to meet his initial burden on his motion for summary judgment (*cf. Matter of Palma*, 40 AD3d 1157, 1158-1159; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court