Matter of Rothman (2020 NY Slip Op 02602)





Matter of Rothman


2020 NY Slip Op 02602


Decided on May 6, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 6, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00889

[*1]In the Matter of Deborah Rothman, etc., deceased. Arielle Weinberger Papadam, et al., appellants; Ivan K. Rothman, respondent. (File No. 378003/14)


Joseph C. Andruzzi, Bethpage, NY, for appellants.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Peter K. Kelly and Reed Smith LLP [Andrew B. Messite and Kerren B. Zinner], of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to SCPA 711 to remove the executor of an estate, Arielle Weinberger Papadam and Scott Weinberger appeal from an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, J.), dated November 23, 2016. The order granted the motion of Ivan K. Rothman to dismiss the petition and denied the cross motion of Arielle Weinberger Papadam and Scott Weinberger for summary judgment on the petition.
ORDERED that the order is affirmed, with costs.
The decedent, Deborah Rothman, also known as Deborah W. Rothman (hereinafter the decedent), was survived by her husband, Ivan K. Rothman, as well as her two children from a previous marriage, Arielle Weinberger Papadam and Scott Weinberger (hereinafter together the appellants). Pursuant to the terms of the decedent's will, Rothman applied for and, in January 2014, was granted, letters testamentary appointing him as executor of the decedent's estate.
In May 2014, in connection with the petition for probate of the decedent's will, the appellants and Rothman executed a stipulation of settlement of administration (hereinafter the stipulation) regarding the distribution of items of the decedent's property and as to certain provisions of the decedent's will. As is relevant to this appeal, the stipulation provides that "[n]o claim or action will be brought by any party for the purpose of invalidating or otherwise undermining this agreement," and that the Surrogate's Court of Nassau County "shall retain jurisdiction over the enforcement of this agreement." The stipulation also provides that the appellants "will not file any complaint against [Rothman] as a physician concerning the care of [the decedent]," and "waive any claim of malpractice on behalf of the decedent or themselves as distributees against [Rothman]."
In February 2016, the appellants filed a petition, inter alia, pursuant to SCPA 711 to remove Rothman as executor of the decedent's estate. Rothman thereafter moved pursuant to, among other things, CPLR 3211(a)(5) to dismiss the petition, and the petitioners cross-moved for summary judgment on the petition. The Surrogate's Court granted Rothman's motion and denied the appellants' cross motion. This appeal ensued.
A decedent's choice of executor should be given great deference (see Matter of Shaw , 186 AD2d 809, 810; see also Matter of Marsh , 179 AD2d 578, 580). The grounds for disqualification of an executor are limited to those specified in SCPA 707 and 711 (see Matter of Shephard , 249 AD2d 748, 749; Matter of Marsh , 179 AD2d at 580). A potential conflict of interest on the part of a fiduciary, without actual misconduct, is not sufficient to render the fiduciary unfit to serve (see Matter of Shaw , 186 AD2d at 810; see also Matter of Shephard , 249 AD2d at 749).
Here, we agree with the determination of the Surrogate's Court granting Rothman's motion to dismiss the petition. Pursuant to the terms of the stipulation, the appellants had expressly agreed to refrain from asserting the very allegations they set forth in the petition as bases for removal of Rothman as executor (see generally Matter of Kaplan , 141 AD2d 545, 545-546). Since the appellants failed to show any grounds such as fraud, collusion, mistake, or accident to set aside the stipulation, dismissal of the petition pursuant to CPLR 3211(a)(5) was warranted (see Matter of Marquez , 299 AD2d 551, 552; Matter of Slaughter , 206 AD2d 537, 537).
For the same reasons, we also agree with the determination of the Surrogate's Court denying the appellants' cross motion for summary judgment on the petition. The appellants failed to show, prima facie, their entitlement to judgment as a matter of law granting their petition to remove Rothman as executor (see generally Matter of Marquez , 299 AD2d at 552).
The appellants' remaining contention is without merit.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court