■ In the Matter of the Estate of MARSHA L. MENIS, Deceased. STANLEY Z. RAKSIN, Appellant; ARNOLD MENIS, Respondent.—In a proceeding characterized by the petitioner as one brought pursuant to SCPA 719 (10) to revoke limited letters of administration issued to the respondent Arnold Menis, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Signorelli, J.), dated January 13, 1987, which denied his application.

Ordered that the order is affirmed, with costs payable by the appellant personally.

SCPA 711 provides, *inter alia,* that "a creditor or a person interested, any person in behalf of an infant or any surety on a bond of a fiduciary" may petition a court for the revocation of letters of administration. A "person interested" is defined as "[a]ny person entitled either absolutely or contingently to share as beneficiary in the estate or the trustee in bankruptcy or receiver of such person" (SCPA 103 [39]).

In the instant case the petitioner Dr. Stanley Z. Raksin's only connection with the decedent's estate is the fact that he is a defendant in an action commenced by the estate to recover damages for the wrongful death of the decedent as well as for her conscious pain and suffering. Dr. Raksin therefore does not qualify as a party who may petition a court for revocation of letters of administration pursuant to SCPA 711.

The petitioner however has categorized his application as

one brought pursuant to SCPA 719 (10). This section provides that:

"In any of the following cases, the court *may* make a decree suspending, modifying or revoking letters issued to a fiduciary from the court * * * without a petition or the issuance of process * * *

"(10) Where any of the facts provided in 711 are *brought to the attention of the court*" (emphasis added).

SCPA 719 (10) does not provide for a proceeding by which any person may formally petition a court for the revocation of letters of administration. Rather, a court, in its discretion, may act upon certain facts which have been brought to its attention. The decision as to whether to revoke such letters pursuant to SCPA 719 (10) rested solely within the discretion of the. Surrogate's Court. Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.