◼ In the Matter of the Estate of NICHOLAS MARSH, Also Known as NICHOLAS V. MARSH, Deceased. BANK OF NEW YORK, as Executor of IRENE B. MARSH and Another, Deceased, Respondent; ADRIENNE M. LEFKOWITZ, Appellant, et al., Respondents.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered March 21, 1990, which suspended preliminary testamentary letters previously issued to respondent Lefkowitz and expanded the powers of the temporary administrators, unanimously affirmed. Order of the same court entered April 19, 1990, which, after a hearing, *inter alia,* revoked those letters, barred said respondent from serving as permanent executrix or trustee, directed an accounting of said respondent's acts as preliminary executrix and appointed the Bank of New York permanent executor and trustee, unanimously affirmed, with costs.

There was no abuse of discretion in the Surrogate's determination to suspend and, after a hearing, revoke respondent Lefkowitz's appointment as preliminary executrix and to declare her ineligible to serve as a fiduciary in this matter in the future as the record supports a finding of improvidence with respect to at least one series of significant transactions and wilful refusal to obey the direction of the court with respect to another area of concern *(Matter of Menis,* 137 AD2d 692; SCPA 707 [1] [e]; 711 [2], [3]; 719 [10]). Within two months of issuance of preliminary letters to Lefkowitz, said respondent, in May and June 1988, lent, without security, $1.5 million to two previously unfunded corporations which were wholly owned by the estate. As should have been foreseen, this extension of credit led directly to the estate's liquidity crisis. The consequences of this depletion of cash were felt most severely by decedent's widow (said respondent's mother), who had the exclusive life interest in the testamentary trusts under the decedent's will and who had extraordinary medical needs at that time in her own final illness. The Surrogate directed the estate to pay decedent's widow $30,000 per month in two written orders, dated February 22, and April 11, 1989. Nonetheless, said respondent failed to pay said amount in timely fashion in June 1989 under the pretext that the estate had yet to receive verification of decedent's widow's expenses, when no such interpretation of the Surrogate's two orders

could have been made in good faith. When the estate was unable to make the monthly payments after December 1989, decedent's widow, with the approval of the Surrogate, reported to placing a $500,000 mortgage on the residence she jointly owned with the estate. This action, detrimental to both the estate and decedent's widow, would not have been necessary had said respondent properly preserved the cash assets of the estate.

We have not reviewed respondent Lefkowitz's claim of misconduct by adverse counsel, as she has not perfected an appeal from the order dated August 27, 1990 denying her motion to disqualify such counsel. Concur—Sullivan, J. P., Ellerin, Wallach, Ross and Smith, JJ.