■ In the Matter of the Estate of NICHOLAS MARSH, Also Known as NICHOLAS V. MARSH, Deceased. ADRIENNE M. LEF-KOWITZ, Appellant; BANK OF NEW YORK, Respondent, et al., Respondents. [610 NYS2d 6] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered on or about December 7, 1992, which waived the filing of a formal judicial accounting by the former temporary administrator and permitted the filing of a narrative account, and denied petitioner's motion to vacate, on the grounds of fraud and newly-discovered evidence (CPLR 5015 [a] [2], [3]), orders of said court (Marie Lambert, S.), entered March 21, 1990 and April 19, 1990, which, respectively, first suspended petitioner's preliminary testamentary letters and expanded the powers of the temporary administrator, then revoked petitioner's letters and barred her from serving as permanent executrix or trustee, directed an accounting of her acts as preliminary executrix, and appointed the Bank of New York as permanent executor and trustee, unanimously affirmed, without costs.

Even if the preliminary executrix had presented her purportedly newly discovered evidence at the revocation hearing, the outcome would not have been different since, in addition to the alleged acts of improvidence that she sought to rebut by

such evidence *(see,* 173 AD2d 336, *appeal dismissed* 78 NY2d 990, *lv denied* 79 NY2d 751), the order of removal was premised upon numerous other aspects of her conduct. Among these were petitioner's failure to timely file estate taxes, her failure to file any income tax returns commencing in 1988 for decedent's companies, her refusal to amend decedent's 1986 income tax returns in order to obtain a substantial loss carry back refund, her challenge to the disposition of decedent's Hong Kong pension monies thereby potentially subjecting the estate to a greater tax liability, her failure to marshall and administer estate assets in not submitting an estate asset list to allow ancillary probate proceedings to commence in Hong Kong, her failure to report on the status of such proceedings, her attempt to become sole trustee of the pension fund in order to distribute the assets to herself, and her intransigence in refusing to sign a document resolving numerous issues, which petitioner herself had voluntarily drafted, after the other parties indicated their agreement.

We have considered petitioner's contentions with regard to the format of the accounting and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.