■ In the Matter of the Estate of JAY WILLIAMS KELSALL, Also Known as JAY W. KELSALL, Also Known as JAY KELSALL, Deceased. GRANT WALLACE, as Executor of JAY WILLIAMS KELSALL, Deceased, Appellant; JOHN B. KELSALL, Respondent. [911 NYS2d 702]—

Stein, J. Appeals (1) from an order of the Surrogate's Court of Essex County (Meyer, S.), entered March 29, 2010, which granted petitioner's application for preliminary letters testamentary, with limitations, and (2) from an order of said court, entered April 2, 2010, which, among other things, partially granted respondent's motion for, among other things, discovery.

Upon his death in March 2008, decedent left a will indicating that it was executed in March 1994. However, the joint affidavit of the witnesses to the will was executed three years later, in May 1997. The will names petitioner as executor of the estate and as the sole beneficiary. Petitioner offered the will for probate. In connection therewith, respondent—decedent's brother—received a copy of the will. Respondent alleges that, upon its receipt, he carefully examined the will and—despite noticing the aforementioned date discrepancy—did not object to its probate. The will was thereafter admitted to probate in December 2008.

In February 2009, petitioner commenced an action against respondent to set aside a deed which conveyed certain real property located in the Village of Lake Placid, Essex County—one of the major assets of decedent's estate—from decedent to respondent. In the course of that action, respondent's attorney was permitted to review decedent's legal files, which were in the possession of attorney John Wilkins. That file included a note in Wilkins' handwriting which suggested a possible issue with the propriety of the execution of decedent's will. Respondent's attorney located the witnesses to the execution of the will, and his conversations with them regarding their recollection of the pertinent events furthered his concerns that applicable legal procedures had not been adhered to.

Respondent thereafter moved by order to show cause for, among other things, vacatur of the decree granting probate and permission to file objections and obtain discovery. A provision of

the order to show cause signed by the court authorized a temporary suspension of petitioner's authority to act as executor of decedent's will pending resolution of respondent's motion. Petitioner cross-moved for an order vacating the temporary suspension of his authority and for an order of protection suppressing all previously released documents from the estate file in Wilkins' possession which had been obtained by respondent's attorney in the course of discovery in the real property action.

Surrogate's Court granted respondent's motion insofar as it sought discovery regarding the propriety of the execution of the will, but reserved decision as to whether to vacate the probate decree pending the conclusion of discovery. Petitioner's request for an order of protection was denied, but Surrogate's Court granted his application for preliminary letters testamentary, with limitations on his authority to act as executor. Petitioner now appeals from both the order permitting discovery and from the order granting limited preliminary letters testamentary.

Petitioner first contends that discovery cannot be permitted unless the decree of probate is set aside. We agree. While SCPA 1404 (4) does not explicitly provide that a decree of probate must be vacated prior to allowing discovery, the statute has clearly been interpreted by the Court of Appeals as requiring such vacatur (*see Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d 82, 94, 95 [2008]). Thus, that portion of respondent's motion seeking discovery here should have been denied absent a determination that respondent was entitled to an order vacating the decree of probate (*see* CPLR 5015; *Matter of American Comm. for Weizmann Inst. of Science v Dunn*, 10 NY3d at 95). Inasmuch as such determination is a discretionary one for the trial court (*see Matter of Loverme*, 27 AD3d 747, 748 [2006]) and Surrogate's Court did not address the issue, the matter must be remitted for that purpose.

However, we find no error in the determination of Surrogate's Court to issue preliminary letters testamentary with limitations pending its determination of whether the decree granting probate should be vacated (*see* SCPA 702 [10]; *see generally* SCPA 711, 712, 719). Such determination was a proper exercise of the Surrogate's Court's discretion (*see Matter of Freeman*, 170 AD2d 986 [1991], *lv dismissed* 77 NY2d 989 [1991], *cert denied* 502 US 884 [1991]; *Matter of Menis*, 137 AD2d 692, 693 [1988]).

In view of our determination, the parties' remaining contentions are either rendered academic or are premature.

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order entered March 29, 2010 is affirmed,

without costs. Ordered that the order entered April 2, 2010 is modified, on the law, without costs, by reversing so much thereof as granted that part of respondent's motion seeking discovery; motion denied to that extent and matter remitted to the Surrogate's Court of Essex County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.