Matter of Smith (2018 NY Slip Op 02699)





Matter of Smith


2018 NY Slip Op 02699


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525373

[*1]In the Matter of the Estate of WILLIAM J. SMITH, Deceased. JEROLD A. NADEL, as Executor of the Estate of WILLIAM J. SMITH, Deceased, Appellant; MICHAEL F. CONNERS II, as Albany County Public Administrator, Respondent. (Proceeding No. 1.)
In the Matter of the Estate of WILLIAM J. SMITH, Deceased. MICHAEL F. CONNERS II, as Administrator of the Estate of WILLIAM J. SMITH, Deceased, Respondent; JEROLD A. NADEL, as former Executor of the Estate of WILLIAM J. SMITH, Deceased, Appellant. (Proceeding No. 2)

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Roemer Wallens Gold & Mineaux LLP, Albany (Matthew J. Kelly of counsel), for appellant.
Vella, Carbone & Associates, LLP, Delmar (Aaron F. Carbone of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from an order of the Surrogate's Court of Albany County (Koweek, S.), entered June 8, 2017, which, among other things, in proceeding No. 2 pursuant to SCPA 2103, denied respondent's motion for a protective order staying discovery.
William J. Smith (hereinafter decedent) and Jerold A. Nadel shared ownership of Quailmen Investors, Inc. (hereinafter Quailmen)[FN1]. At the time of decedent's death in May 2003, decedent and Nadel split the corporate stock of Quailmen 90% and 10%, respectively. Decedent's last will and testament bequeathed 15% of his corporate stock to Nadel and 5% to Aaron Berhaupt, and the remaining 70% was to be placed in a trust for distribution to various trustees. As the named executor and trustee in decedent's will, Nadel filed a petition to probate decedent's will. In August 2003, Nadel, as secretary of Quailmen, signed a certificate of resolution, which compensated him for alleged deferred compensation from 1973 to 2002 and granted him sole authority to dispose of Quailmen's real property for the purpose of funding his compensation.
After being issued letters testamentary in February 2006, Nadel filed an amended petition for judicial settlement of account, but was ordered to submit a full accounting of the estate assets. In January 2010, Nadel filed a petition to terminate the trust as uneconomical; however, Surrogate's Court (Nichols, S.), among other things, appointed a guardian ad litem to account for the interests of the infant beneficiaries. The court denied the petition after the guardian ad litem's investigation revealed that Nadel had effectuated Quailmen's sale of its properties between October 2003 and May 2004 for a net profit of $960,184.41.
In August 2015, having still not received the full accounting and valuation of the estate that Nadel was ordered to provide, Surrogate's Court (Koweek, S.), sua sponte, revoked Nadel's letters testamentary, removed Nadel as executor and appointed Michael F. Conners II, the Albany County Public Administrator, as temporary administrator c.t.a. of the estate. In January 2017, Conners commenced a discovery proceeding pursuant to SCPA 2103 seeking to recover from Nadel the $960,184.41 in proceeds obtained from Nadel's sale of Quailmen's assets. In March 2017, Nadel moved for a protective order staying discovery and to vacate the August 2015 order revoking his letters testamentary and removing him as executor. In June 2017, Surrogate's Court, among other things, denied Nadel's motion in its entirety. Nadel now appeals, and we affirm.
As an initial matter, to the extent that Nadel seeks to contest the merits of the August 2015 order revoking his letters testamentary and removing him as executor, such claims are not properly before us, as Nadel did not take an appeal from that order (see CPLR 5515 [1]; Chase Home Fin., LLC v Desormeau, 152 AD3d 1033, 1034 n [2017]; Cusson v Hillier Group, Inc., 97 AD3d 1042, 1043 [2012]). Turning to Nadel's challenge to the denial of his motion to vacate, inasmuch as "[t]he SCPA does not set forth the standard applicable to the present vacatur petition," Surrogate's Court employs the standard established in CPLR 5015 (a) (Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d 82, 95 [2008]; see SCPA 102; CPLR 101; Matter of Kelsall, 79 AD3d 1234, 1235 [2010]). Relevant here, "to establish its entitlement to vacatur under this standard, a party must demonstrate a substantial basis for its [*2]contest and a reasonable probability of success through competent evidence that would have probably altered the outcome of the . . . probate proceeding" (Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d at 96; accord Matter of Gehr, 117 AD3d 1405, 1407 [2014]). Nadel's motion to vacate the August 2015 order is premised upon his claim that he was not afforded a hearing by Surrogate's Court prior to its revocation of his letters testamentary and removal as executor. Nadel, however, has failed to offer any new or competent evidence in support of his motion. Moreover, inasmuch as Nadel has not established one of the CPLR 5015 (a) grounds and has yet to provide the full accounting of the estate that he was ordered to provide, we cannot conclude that he has demonstrated a reasonable probability of success or that the outcome of the underlying probate proceeding would be any different. Accordingly, we find that Surrogate's Court did not abuse its discretion in denying Nadel's motion to vacate (see Matter of American Comm. for Weizmann Inst. of Science v Dunn, 10 NY3d at 97-98; cf. Matter of Kelsall, 79 AD3d at 1235).
Nadel further contends that Surrogate's Court abused its discretion in denying his motion for a protective order to stay discovery on the basis that the estate will incur additional expenses as a result of the discovery process. We are not persuaded. "SCPA 2103 establishes a discovery procedure by which a fiduciary can identify and recover estate assets held by a third party" (Dwyer v Valachovic, 137 AD3d 1369, 1370 [2016] [citations omitted]; see Matter of Mastroianni, 105 AD3d 1136, 1137-1138 [2013]; see also SCPA 2205). To that end, a trustee holding a controlling share of stock in a corporation can be compelled to provide details or a full accounting, and a court's determination requiring such disclosure will not be disturbed absent an abuse of discretion (see Matter of Hunter, 4 NY3d 260, 267-268 [2005]; Matter of Mastroianni, 105 AD3d at 1138). Nevertheless, "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts," a party may move for a protective order staying or limiting discovery (CPLR 3103 [a]; see Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 463 [1983]; DiCostanzo v Schwed, 146 AD3d 1044, 1045 [2017]).
Upon being named as executor and trustee, Nadel assumed control of Quailmen and, in that controlling capacity, Nadel soon thereafter reportedly sold over $1 million worth of Quailmen's real property, of which Nadel directed at least $725,453 to be paid to himself. Thereafter, on at least three occasions — in January 2009, May 2013 and July 2015 — Surrogate's Court ordered a formal accounting. Despite these repeated judicial requests for a full and formal accounting, including a date of death valuation with supporting documentation of Quailmen, Nadel has consistently and repeatedly failed to provide the full and formal accounting required of him. In our view, given the extensive period during which Nadel acted as executor and trustee and the fact that the accounting sought through discovery is the same information that has been consistently absent from the accounting provided by Nadel, we find that the full accounting that Nadel was ordered to provide was proper and reasonable (see SCPA 2205; see generally Matter of Hunter, 4 NY3d at 267 n 3; Matter of Mastroianni, 105 AD3d at 1138). We agree with Surrogate's Court that Nadel, himself, "created an unreasonable annoyance, expense and disadvantage to the intended beneficiaries of this estate in failing to properly account and provide a proper date of death valuation of Quailmen." Accordingly, the denial of his motion for a protective order was not an abuse of Surrogate's Court's discretion (see CPLR 3103 [a]). To the extent that Nadel's remaining contentions are properly before us, they have been examined and found to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Quailmen's assets were comprised primarily of real property.