■ ELDA DEVELOPMENT CORP. et al., Respondents, v JOHN WALL et al., Appellants. — Motion to dismiss on ground that the order and judgment appealed from have been superseded denied. Order and judgment, as amended, unanimously modified and, as modified, affirmed, with costs to defendants, in accordance with the following memorandum: Although Special Term correctly granted partial summary judgment to plaintiffs on their claim for rent under the terms of a written lease, it abused its discretion by not staying entry or execution of the judgment. Under CPLR 3212 (subd [e]) courts "have wide discretion in imposing conditions upon the grant of partial summary judgment so as to avoid possible prejudice to the party against whom that judgment is granted". (*Stigwood Organisation v Devon Co.,* 44 NY2d 922, 923.) To effect this result entry of summary judgment may be held in abeyance (CPLR 3212, subd [e], par 2) or execution stayed (*Stigwood Organisation v Devon Co., supra*). Where, as here, there are subsisting counterclaims in excess of the judgment, a stay of entry or of execution of the judgment should be granted if there exists some articulable reason for concluding that plaintiff is financially unstable and might be unable to satisfy any judgment eventually secured by the defendant (see *Stigwood Organisation v Devon Co., supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:31, p 449). ¶ The record shows that plaintiff Sackman-Gilliland Corp. acquired the equity of plaintiff Elda Development Corp. in the leased premises at a mortgage

foreclosure sale after the within suit was commenced. Thus, there is an articulable reason for believing that Elda is financially unstable and that unless entry or execution of the judgment is stayed, defendants will be prejudiced by the inability of Elda to satisfy any potential judgment. Although Elda assigned to Sackman its cause of action against defendants for rent, Sackman assumed no liability on defendant's counterclaims. Since judgment herein has already been entered, execution on the judgment is stayed pending determination of the remaining issues, upon condition that defendants furnish an undertaking to secure payment of the judgment (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.17, p 32-191; see, also, *Ives v Base Lodge,* 46 AD2d 622; *Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852). ¶ Plaintiffs' motion to dismiss the appeal because the order and judgment appealed from were superseded by an amended order and judgment which were not appealed is denied. The amended order and judgment simply clarify the original order and judgment for the purpose of correctly expressing the decision of Special Term. This act of resettlement does not affect the appeal taken from the original order and judgment and we may review the amended order and judgment without a new notice of appeal having been filed (CPLR 5517, subd [b]; see, also, 7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.25). (Appeal from order and judgment of Supreme Court, Onondaga County, Tenney, J. — partial summary judgment.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.