■ In the Matter of the Estate of KENNETH P. LA CORTE, Deceased. EILEEN LA CORTE, Respondent; LORRAINE LA CORTE, Appellant. (Proceeding No. 1.) [777 NYS2d 209]—

Mugglin, J. Appeals (1) from an order of the Surrogate's Court of Rensselaer County (Hummel, S.), entered March 12, 2003, which granted petitioner's application, in proceeding No. 1 pursuant to SCPA article 7, to revoke respondent's appointment as cotrustee of decedent's testamentary trust, and (2) from an order of said court, entered June 24, 2003, which, in proceeding No. 2 pursuant to SCPA 2110, denied petitioners' application for counsel fees.

Under the trust provisions of decedent's will, Eileen La Corte (hereinafter petitioner), decedent's wife, and Lorraine La Corte (hereinafter respondent), decedent's sister, were named cotrustees. The trust was originally unfunded, but was funded for the benefit of petitioner and her children when she disclaimed portions of her inheritance. In September 2001, petitioner contracted to sell a parcel consisting of approximately 13 acres of land. Upon discovering that the trust held a 50% interest in six of the 13 acres, the contract was amended to include the trust as a seller. The amendment was signed by both petitioner and respondent. Although respondent executed the documents necessary to close the transaction, the next day she crossed out her

signatures and informed petitioner that she required $500,000 to execute the closing documents. Petitioner commenced proceeding No. 1 to remove respondent from her position as cotrustee of the trust created under decedent's will.

Following a hearing, Surrogate's Court found the evidence of this demand to be credible—respondent offering no evidence in contradiction—and granted the application and revoked respondent's appointment. Respondent appeals, but does not contest that she was improperly removed from her position as cotrustee. Instead, respondent contends that Surrogate's Court abused its discretion by failing to remove petitioner as a trustee, sua sponte, since the hearing evidence established that petitioner commingled her personal funds with those of the trust, wasted the assets of the trust, failed to understand the nature and extent of her fiduciary duties, improvidently managed or injured the property of the trust, and failed to cooperate with the cotrustee.

SCPA 719 delineates the conduct of a trustee which warrants removal without an evidentiary hearing (see Matter of Duke, 87 NY2d 465, 472 [1996]). If a fiduciary is found to be in violation of SCPA 719, "the Surrogate is vested with discretion to select among a number of courses of relief, the most serious of which is revocation of letters and removal of the fiduciary" (id. at 473). Although the evidence clearly demonstrates that petitioner commingled her personal funds with those of the trust, we find no reason to disturb Surrogate's Court's determination that such commingling was inadvertent, without intent to injure the trust, and that the trust ultimately received its full share of the proceeds of the contract. Likewise, we find no merit to the claim that petitioner wasted trust assets by leaving them in mutual funds that were experiencing significant losses since petitioner employed a financial adviser whom she had directed to invest the assets conservatively with long-term goals in mind.

Equally unfounded is respondent's claim that petitioner committed waste and failed to preserve the estate assets by failing to update the appraised value of the trust parcel. Since respondent's claim that petitioner failed to understand the nature of her duties and improvidently managed the trust is premised upon the alleged acts of commingling and waste, Surrogate's Court did not abuse its discretion by failing to remove petitioner. Finally, there is simply no record evidence demonstrating that petitioner failed to cooperate with respondent in managing the trust. Respondent was never actively excluded from meetings regarding trust issues or refused any requested information regarding the trust (compare Matter of Hall, 275 AD2d 979, 980 [2000]).

Turning to proceeding No. 2, the attorneys who represented respondent in proceeding No. 1 seek counsel fees from the trust asserting that they benefitted the trust by showing that petitioner had mismanaged it. Surrogate's Court denied this application and the attorneys appeal.

"Surrogate's Court is vested with discretion to authorize and determine reasonable compensation for an attorney who has rendered legal service[ ] to an estate" (*Matter of Guattery*, 278 AD2d 738, 739 [2000]). Although counsel fees may be a proper charge against a trust estate where a trustee has successfully defended against an effort to remove him or her, legal expenses involved in an unsuccessful defense resulting in removal for misconduct are the removed trustee's own personal obligation (*see Matter of Iskyan*, 167 Misc 2d 492, 493 [1996]). Despite being unsuccessful in defending the application for removal, respondent's attorneys seek an award of fees from the trust estate claiming that respondent's defense benefitted the trust by exposing petitioner's mismanagement and by increasing the trust's share in the sale price of the parcel. Although the updated appraisal of the parcel increased the percentage of the sale proceeds due the trust, we are convinced that this trust benefit is more attributable to the efforts of the guardian ad litem than those of respondent's attorneys. Since the record reveals no basis upon which to disturb Surrogate's Court's discretionary determination that the efforts of respondent and/or her attorneys did not benefit the estate, denial of the application seeking legal fees chargeable to the trust estate was proper.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.