■ In the Matter of the Estate of CHARLES W. COLLINS, Deceased. ONEONTA LODGE No. 466, FREE AND ACCEPTED MASONS, Respondent-Appellant; KEY BANK NATIONAL ASSOCIATION, Appellant-Respondent. [828 NYS2d 689]—

Kane, J. Cross appeals from an order of the Surrogate's Court of Otsego County (Coccoma, S.), entered January 13, 2006, which, inter alia, held that respondent invaded the principal of a trust in violation of the trust's terms.

Charles W. Collins' will established a trust which provided the trust's income to Edith Collins Villa during her lifetime and, upon her death, to petitioner. The trust does not permit invasion of principal. After Villa died in March 2003, petitioner commenced this proceeding seeking an accounting by respondent, the trustee. Respondent filed accountings covering the periods from January 1965 to July 1981 and October 1987 to June 2004, but was unable to locate records for the period between August 1981 and September 1987. Petitioner filed objections to the accounting, then moved for partial summary judgment. Surrogate's Court issued an October 6, 2005 order requiring respondent to repay any commissions received during the period which could not be accounted for, plus nine percent interest, and ordered a revised accounting indicating how commissions were calculated for all other years.

When respondent supplied a revised accounting, petitioner objected to that as well. Surrogate's Court directed respondent to reply to only one of petitioner's allegations. After that reply was received, the court issued a January 13, 2006 order finding that respondent's calculation of commissions was reasonable,

but requiring respondent to pay a surcharge of $25,824.45 for the invasion of trust principal in 14 separate years. Both parties appealed from the January 2006 order. Respondent then moved in Surrogate's Court to renew and reargue, claiming that it was not afforded a chance to respond to petitioner's allegations concerning invasion of principal. The court granted the motion and issued an amended order on April 11, 2006, adhering to its prior order except by amending the finding of principal invasion to only four separate years, thereby reducing the surcharge to $16,014.90. As a result of the amended order, respondent did not move forward with its appeal, but petitioner did.*

Respondent impermissibly invaded the principal of the trust in seven separate years. The April 2006 order of Surrogate's Court lists the four years it found invasions of principal and amounts of the invasion each year, but provides no explanation for those amounts. This Court's review of the record reveals invasions of principal in 1967 ($537.97), 1969 ($826.36), 1972 ($181.98), 1976 ($1,874.31), 1977 ($4,447.93), 1979 ($999.68), and 1989 ($2,186.20). Respondent does not dispute that the remedy for the unauthorized invasion of principal is repayment with simple interest at the statutory rate of nine percent per annum (see CPLR 5004).

Petitioner only specifically challenged the calculation of commissions for 1994 and 1996 to 2003. Corporate trustees may retain a reasonable commission (see SCPA 2312 [2]; Matter of Prankard, 245 AD2d 566, 566 [1997]). Surrogate's Court reviewed the commissions retained by respondent during the years at issue and determined that they are reasonable. We cannot find that the court abused its discretion in this regard. As no objections were filed for the calculation of commissions in other years, the calculations are accepted as correct and in accord with the statute.

Respondent provided the income beneficiary with quarterly statements which set forth the trust's earnings, distributions to the beneficiary and the amount of commissions paid to the trustee (see SCPA 2312 [6]). But the statements during the trust's earlier years did not include the basis of the computations—as statutorily required—by listing the actual percentages used to calculate the commissions. Given that the statements generally contained all of the information necessary to perform the calculations, and that the amounts of the commissions

---

* Pursuant to CPLR 5517, the April 2006 amended order can be considered on this appeal (see Wood v Maggie's Tavern, 257 AD2d 733, 735 [1999]; Stock v Ostrander, 233 AD2d 816, 817 [1996]; Elda Dev. Corp. v Wall, 101 AD2d 1000, 1001 [1984], appeal dismissed 63 NY2d 952 [1984]).

retained by respondent are not alleged to be in violation of the amounts permitted by statute (*see* SCPA 2312 [2], [4]; *see also Matter of Hawwa A.*, 9 AD3d 362, 364 [2004]), Surrogate's Court did not abuse its discretion by not surcharging respondent for its failure to provide the actual computation of the commissions in the quarterly statements provided to the beneficiary.

As to petitioner's argument that Surrogate's Court erred in failing to remove respondent as trustee, we note the following. If a trustee is found to have violated its fiduciary obligations, "the Surrogate is vested with discretion to select among a number of courses of relief, the most serious of which is revocation of letters and removal of the fiduciary" (*Matter of Duke*, 87 NY2d 465, 473 [1996]; *Matter of La Corte*, 7 AD3d 909, 910 [2004]). Not every breach of fiduciary duty warrants removal, and courts are generally hesitant to exercise the power to remove a fiduciary, as such action "constitutes a judicial nullification of the testator's choice" (*Matter of Duke, supra* at 473; *see Matter of Venner*, 235 AD2d 805, 807 [1997]). Here, the testator chose his hometown bank as trustee and, due to mergers over the years, respondent, acting from an office in Cleveland, Ohio, took over the role of trustee. The court may take these circumstances into consideration when determining whether to remove the trustee, realizing that a removal would not entirely subvert the testator's intentions. As petitioner informs us that its objections alleging improper investment of the trust are still outstanding, any determination of removal should await the final outcome of this proceeding.

Surrogate's Court reasonably declined to address petitioner's request for counsel fees, which was first raised in its answering papers on the motion for reconsideration.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as limited the surcharges against respondent to four years; matter remitted to the Surrogate's Court of Otsego County to calculate the amount of surcharges owed for the seven years of principal invasion; and, as so modified, affirmed.