■ In the Matter of Norman J. Mercer, Deceased. BNY Mellon, N.A., et al., Respondents; Howard Mercer et al., Appellants. James Speiss, Nonparty Respondent. [990 NYS2d 58]—

In a probate proceeding, in which Howard Mercer and David Mercer petitioned for the removal of the coexecutors of the decedent's estate, Howard Mercer and David Mercer appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), dated August 29, 2012, as, in effect, denied that branch of their motion which was to immediately suspend the coexecutors' letters testamentary and letters of trusteeship.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent, Norman J. Mercer, died on November 20, 2007, survived by his wife, Carol M. Mercer, and three children from his prior marriage. The decedent's two sons (hereinafter together the appellants) filed joint objections to the propounded probate of a will dated September 21, 2004, and a codicil dated January 29, 2007 (hereinafter together the will). The will clearly reflected the decedent's intention for Carol to have lifetime enjoyment of the bulk of his approximately $8 million estate through two testamentary trusts (hereinafter together the trusts). On Carol's death, the trusts were to terminate to fund a residuary estate in which the appellants and their sister hold a 60% interest. The will also appointed Carol, Martin D. Newman, and the Bank of New York, now known as BNY Mellon, N.A., as the coexecutors of the estate and cotrustees of the Trusts (hereinafter collectively the fiduciaries).

After the objections to probate were settled by agreement dated November 24, 2009, the fiduciaries filed a petition for the judicial settlement of their account (hereinafter the accounting proceeding), to which the appellants filed numerous objections (hereinafter the objections). The objections alleged, inter alia, that Carol converted assets to her personal use, aided and abetted by her cofiduciaries, and violated various terms of the will by improperly distributing income from the trusts to Carol and allowing her to convert jewelry, watches, and numerous items of tangible property specifically identified in the will which were, inter alia, devised to the appellants or to be sold on behalf of the estate.

In the midst of discovery in the accounting proceeding, the appellants filed a verified petition dated April 23, 2012, seeking to revoke the fiduciaries' letters testamentary and letters of trusteeship. The appellants alleged, inter alia, that the fiduciaries were grossly negligent for allowing Carol to comingle her personal assets with assets of the estate, and described vari-

ous acts of mismanagement which reflected the same claims that the appellants alleged in their objections to the accounting proceeding. The appellants argued that the fiduciaries' conduct, including their refusal to comply with court-ordered discovery in the accounting proceeding, demonstrated that the fiduciaries could not be entrusted with the administration of the estate or the trusts. Shortly thereafter, the appellants moved to immediately suspend the fiduciaries' letters, without a hearing, pursuant to SCPA 719.

In the order appealed from, the Surrogate's Court denied the appellants' motion to immediately suspend the fiduciaries' letters pending the conclusion of the trial in the accounting proceeding, which was scheduled to commence at the end of 2012. The Surrogate's Court also continued a temporary restraining order entered against Carol on June 6, 2012, which barred her from making "any disbursements from the estate or testamentary trusts."

The removal of a fiduciary pursuant to SCPA 711 and 719 is equivalent to "a judicial nullification of the testator's choice and may only be decreed when the grounds set forth in the relevant statutes have been clearly established" (*Matter of Duke*, 87 NY2d 465, 473 [1996]; *cf. Matter of Collins*, 36 AD3d 1191 [2007]; *Matter of Petrocelli*, 307 AD2d 358, 359-360 [2003]).

Nevertheless, pursuant to SCPA 719 (7), "letters [issued to a fiduciary] may be suspended, modified or revoked, or a lifetime trustee removed or his powers suspended or modified, *without process. . . .* [w]here he mingles the funds of the estate with his own or deposits them with any person, association or corporation . . . in an account other than as fiduciary" (SCPA 719 [7] [emphasis added]). Fiduciary letters also may be suspended without process "[w]here any of the facts provided in 711 are brought to the attention of the court" (SCPA 719 [10]).

However, as noted in *Matter of Duke* (87 NY2d 465 [1996]), "[w]hile the Surrogate is clearly granted the exceptional authority to summarily remove executors without the formality of commencing a separate proceeding, the authority to exercise the ultimate sanction summarily is not absolute. *The Surrogate may remove without a hearing only where the misconduct is established by undisputed facts or concessions, where the fiduciary's in-court conduct causes such facts to be within the court's knowledge or where facts warranting amendment of letters are presented to the court during a related evidentiary proceeding*" (*Matter of Duke*, 87 NY2d at 472-473 [citations omitted and emphasis added]).

Thus, revoking a fiduciary's letters without a hearing pursu-

ant to SCPA 719 will constitute an abuse of discretion "where the facts are disputed, where conflicting inferences may be drawn therefrom . . . or where there are claimed mitigating facts that, if established, would render summary removal an inappropriate remedy" (*Matter of Duke*, 87 NY2d at 473 [citation omitted]).

Contrary to the appellants' contention, the allegations in this case are sharply disputed and give rise to conflicting inferences regarding the fiduciaries' alleged misconduct. Furthermore, the allegations largely reflect the same objections to be determined in the accounting proceeding. We also note that the Surrogate protected the appellants and other interested persons under the will and the trusts by continuing the temporary restraining order entered June 6, 2012, which bars Carol from making "any disbursements from the estate or testamentary trusts."

Accordingly, the Surrogate's Court properly exercised its discretion in declining to immediately suspend the fiduciaries' letters testamentary and letters of trusteeship pursuant to SCPA 719 pending the determination of the accounting proceeding (*see Matter of Collins*, 36 AD3d at 1191; *cf. Matter of Duke*, 87 NY2d at 473; *Matter of De Beixedon*, 262 NY 168 [1933]). Skelos, J.P., Dillon, Maltese and Barros, JJ., concur.