14-2955-cv
*Mercer v. Bank of N.Y. Mellon*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fifteen.

PRESENT:

AMALYA L. KEARSE,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,

*Circuit Judges*.

_____

HOWARD MERCER AND DAVID MERCER,

*Plaintiffs-Appellants*,

- v. -                                              No. 14-2955-cv

BANK OF NEW YORK MELLON, N.A. AND MARTIN D. NEWMAN, TRUSTEES OF THE TRUSTS U/W NORMAN J. MERCER, DECEASED,

*Defendants-Appellees*.

_____

DONALD NOVICK (Albert V. Messina Jr., *on the brief*), Novick & Associates, Huntington, NY, *for Plaintiffs-Appellants*.

PAUL T. WEINSTEIN, Emmet, Marvin & Martin LLP, New York, NY, *for Defendant-Appellee Bank of New York Mellon, N.A.*

Neil J. Moritt, Morritt Hock & Hamroff LLP, Garden City, NY, *for Defendant-Appellee Martin D. Newman*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Howard Mercer and David Mercer ("Plaintiffs") appeal from a July 21, 2014 order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) granting the motion of Defendants-Appellees Bank of New York Mellon, N.A. and Martin D. Newman ("Defendants") to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiffs are residual beneficiaries of a testamentary trust (the "Trust") established under the will of their father, Norman J. Mercer, who died in 2007. They claim that Defendants, two of the Trust's three trustees, breached various duties by making improper distributions from the Trust to Plaintiffs' step-mother, Carol Mercer, a lifetime beneficiary of the Trust and its third trustee. The District Court adopted a magistrate judge's recommendation that Plaintiffs' complaint be dismissed pursuant to the "probate exception" to federal diversity jurisdiction in light of ongoing proceedings in the New York Surrogate's Court in Suffolk County. *See Mercer v. Bank of N.Y. Mellon, N.A.*, No. 13-cv-5686, 2014 WL 3655657, at *3 (E.D.N.Y. July 21, 2014). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review questions of subject matter jurisdiction de novo. *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 107 (2d Cir. 2007). "The 'probate exception' is an historical aspect of federal jurisdiction that holds 'probate matters' are excepted from the scope of federal diversity jurisdiction." *Id.* at

2

105. The Supreme Court has clarified that "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). We agree with the District Court that Plaintiffs' claims are barred by the probate exception because they seek to have the District Court control property that is already under the supervisory control of the Surrogate's Court.

The prohibition against "endeavoring to dispose of property that is in the custody of a state probate court" is, the Supreme Court has explained, "essentially a reiteration of the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* at 311-12 (citing *Penn General Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195-96 (1935), and *Waterman v. Canal-La. Bank & Trust Co.*, 215 U.S. 33, 45-46 (1909)). This general principle applies equally when, as in this case, the *res* in question is not property of an estate but property of a trust. *See Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939); *Beach v. Rome Trust Co.*, 269 F.2d 367, 371 (2d Cir. 1959). Moreover, it applies also to jurisdiction that is *quasi in rem*: it "is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property." *Princess Lida*, 305 U.S. at 466-67.

3

On appeal, Plaintiffs contend that the District Court erred in concluding that a petition in the Surrogate's Court seeking an accounting of the Trust gave that court "custody" of the Trust in the relevant sense because the petition was filed on June 5, 2014, after Plaintiffs filed their federal complaint on October 16, 2013. But even if Plaintiffs are correct that Defendants' probate-exception challenge must be measured "against the state of facts that existed at the time of filing," *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004), we conclude that the Surrogate's Court had supervisory control of the administration of the Trust before Plaintiffs brought this action.

New York law gives Surrogate's Courts extensive powers over testamentary trusts. *See* N.Y. Surr. Ct. Proc. Act. §§ 1501-1509. Here, the Surrogate's Court issued letters testamentary and letters of trusteeship to Defendants and Carol Mercer on December 1, 2009, giving them the authority to administer Norman Mercer's estate and the Trust. On April 13, 2012, Plaintiffs petitioned the Surrogate's Court for the removal of Carol Mercer and Defendants as both executors of their father's estate and trustees of the Trust. In June 2012, the Surrogate's Court heard oral argument on whether to enjoin Carol Mercer and Defendants from making any further distributions from the Trust, and issued a temporary restraining order barring only Carol Mercer from doing so. And on August 29, 2012, the Surrogate's Court denied summary judgment on Plaintiffs' petition for removal, holding that factual disputes involving actions taken by Carol Mercer and Defendants "on behalf of this estate and the testamentary trusts flowing therefrom" would have to be resolved at trial. J.A. 384; *see In re Mercer*, 990 N.Y.S.2d 58 (App. Div. 2014) (affirming the Surrogate Court's decision). We need not express any view on the minimum amount of activity that would have been sufficient to give the Surrogate's Court supervisory control over the Trust, *see Beach*, 269 F.2d at 371 (affirming the district court's dismissal of claims for a trust accounting and related relief

4

where both the decedent's estate and the trust were "still in the process of administration in the Surrogate's Court"), because we conclude that the activity described above, taken as a whole, precluded the District Court from subsequently exercising control over the Trust.

Plaintiffs also argue that their claims against Defendants would not require the District Court to exercise control over the Trust in such a way as to interfere with the Surrogate's Court's control over it. We disagree. Although Plaintiffs have styled their claims in this case as "in personam" claims against Defendants for breach of fiduciary duty, breach of contract, and breach of the duty of loyalty, we must examine the substance of the relief that Plaintiffs are seeking, and not the labels they have used. *See Lefkowitz*, 528 F.3d at 107 (concluding that the plaintiff could not skirt the probate exception by "mask[ing] in claims for federal relief her complaints about the maladministration of her parent[s'] estates, which have been proceeding in probate courts"). The only relief requested in the complaint—apart from punitive damages and attorney's fees, which cannot be awarded if Plaintiffs do not succeed on their substantive claims—is the restoration to the Trust of $209,821.17 that Plaintiffs claim was improperly distributed to Carol Mercer (plus interest). In other words, Plaintiffs are not simply seeking an adjudication of their own entitlement to a portion of the Trust funds; they do not seek damages payable to themselves, but are asking the District Court to undo specific actions already taken by the trustees during the period of probate administration that Plaintiffs disagree with. Such claims against trustees by a trust's beneficiaries for "administration and restoration of corpus" cannot be maintained if another court is already exercising control over the trust. *Princess Lida*, 305 U.S. at 467.

Accordingly, the District Court properly dismissed Plaintiffs' claims pursuant to the probate exception. And because the District Court lacked jurisdiction over Plaintiffs' substantive claims,

5

it also properly dismissed Plaintiffs' separate causes of action seeking punitive damages and attorney's fees. We need not address Defendants' alternative argument that dismissal is required pursuant to the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-19 (1976).

We have reviewed Plaintiffs' remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk