In the Matter of RUTH KAUFMAN, Deceased. ALLEN M. KAUFMAN, Appellant; KENNETH KAUFMAN, Respondent. PUBLIC ADMINISTRATOR OF NASSAU COUNTY, Nonparty Respondent. [28 NYS3d 94]—

In a probate proceeding, Allen M. Kaufman appeals (1) from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated June 18, 2014, which lifted a stay of the appointment of the Public Administrator of Nassau County as administrator of the decedent's estate, and (2) as limited by his brief, from so much of a decree of the same court, also dated June 18, 2014, as granted the cross motion of Kenneth Kaufman to remove him as co-executor of the decedent's estate, revoked the letters testamentary issued to him, and issued letters of administration to the Public Administrator of Nassau County.

Ordered that the appeal from the order is dismissed, as no appeal lies of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the appeal is academic in light of our determination of the appeal from the decree; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the nonparty-respondent.

The decedent, Ruth Kaufman, died on January 9, 2009. Allen M. Kaufman and Kenneth Kaufman were her only children. Her last will and testament, dated June 22, 2005, was admitted to probate. Letters testamentary were issued to Allen and Kenneth.

During the pendency of the proceeding, Allen moved, inter alia, to revoke or suspend the letters testamentary issued to Kenneth. Kenneth cross-moved, inter alia, to suspend or, in effect, revoke the letters testamentary issued to Allen. In the decree appealed from, the Surrogate's Court, inter alia, revoked the letters testamentary issued to Allen and Kenneth and issued letters of administration to the Public Administrator of Nassau County. Allen appeals from so much of the decree as revoked his letters testamentary and issued letters of administration to the Public Administrator of Nassau County.

The removal of a fiduciary pursuant to SCPA 711 and 719 is equivalent to a judicial nullification of the testator's choice and may only be decreed when the grounds set forth in the relevant statutes have been clearly established (see Matter of Duke, 87 NY2d 465, 473 [1996]; Matter of Mercer, 119 AD3d 689 [2014]; Matter of Petrocelli, 307 AD2d 358, 359-360 [2003]). The Surrogate may remove a fiduciary without a hearing only where the misconduct is established by undisputed facts or concessions, where the fiduciary's in-court conduct causes such facts to be within the court's knowledge, or where facts warranting an amendment of letters are presented to the court during a related evidentiary proceeding (see Matter of Duke, 87 NY2d at 472-473; Matter of Mercer, 119 AD3d 689 [2014]). Thus, revoking a fiduciary's letters without a hearing pursuant to SCPA 719 will constitute an abuse of discretion where the facts are disputed, where conflicting inferences may be drawn therefrom, or where there are claimed mitigating facts that, if established, would render summary removal an inappropriate remedy (see Matter of Duke, 87 NY2d at 473; Matter of Mercer, 119 AD3d 689 [2014]).

Contrary to Allen's contention, there was undisputed evidence of conflict between Allen and Kenneth, that they improvidently managed the property of the estate, and that they had failed to abide by the terms of a so-ordered stipulation relating to the administration of the estate. Accordingly, the Surrogate's Court properly revoked the letters testamentary issued to Allen pursuant to SCPA 719 without a hearing. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.