█ In the Matter of HYMAN KAUFMAN, Deceased. ALLEN M. KAUFMAN, Appellant; KENNETH KAUFMAN, Respondent. PUBLIC

ADMINISTRATOR OF NASSAU COUNTY, Nonparty Respondent. [27 NYS3d 610]—In a probate proceeding, Allen M. Kaufman appeals (1) from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated June 18, 2014, which lifted a stay of the appointment of the Public Administrator of Nassau County as administrator of the decedent's estate, and (2) as limited by his brief, from so much of a decree of the same court, also dated June 18, 2014, as granted the cross motion of Kenneth Kaufman to remove him as co-executor of the decedent's estate, revoked the letters testamentary issued to him, and issued letters of administration to the Public Administrator of Nassau County.

Ordered that the appeal from the order is dismissed, as no appeal lies of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the appeal is academic in light of our determination of the appeal from the decree; and it is further,

Ordered that the decree is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the nonparty respondent.

The decedent, Hyman Kaufman, died on September 7, 2011. Allen M. Kaufman and Kenneth Kaufman were his only children. His last will and testament, dated June 22, 2005, was admitted to probate. Letters testamentary were issued to Allen and Kenneth on April 6, 2012.

During the pendency of the proceeding, Allen moved, inter alia, to suspend the letters testamentary issued to Kenneth. Kenneth cross-moved, inter alia, to suspend the letters testamentary issued to Allen. In the decree appealed from, the Surrogate's Court, inter alia, revoked the letters testamentary issued to Allen and Kenneth and issued letters of administration to the Public Administrator of Nassau County. Allen appeals from so much of the decree as revoked his letters testamentary and issued letters of administration to the Public Administrator of Nassau County.

As set forth in our decision and order in a companion appeal (*see Matter of Kaufman*, 137 AD3d 1034 [2016] [decided herewith]), there was undisputed evidence of conflict between Allen and Kenneth, that they improvidently managed the property of the estate and that they had failed to abide by the terms of a so-ordered stipulation dealing with the administration of the estate. Accordingly, the Surrogate's Court properly suspended the letters testamentary issued to Allen pursuant to

SCPA 719 without a hearing. Mastro, J.P., Hall, Miller and LaSalle, JJ., concur.