Matter of Steward (2021 NY Slip Op 02395)





Matter of Steward


2021 NY Slip Op 02395


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2019-03734

[*1]In the Matter of Mary E. Steward, etc., deceased. RMX, LLC, appellant; Menfus Housworth, et al., respondents. (File No. 3573/99)


Frederick C. Kelly, Monroe, NY, for appellant.
Menfus Housworth, Covington, GA, respondent pro se.



DECISION & ORDER
In a probate proceeding in which RMX, LLC, petitioned, inter alia, to revoke letters of administration issued to Menfus Housworth and Calvin Hill, RMX, LLC, appeals from an order of the Surrogate's Court, Kings County (Margarita Lopez Torres, S.), dated February 20, 2019. The order, insofar as appealed from, denied the motion of RMX, LLC, to strike the objections of Menfus Housworth to the petition of RMX, LLC, to suspend Menfus Housworth and Calvin Hill as administrators of the decedent's estate, and to direct Menfus Housworth to "set forth, in a statement verified under oath and filed with the Surrogate and served on [RMX, LLC's] attorney, the names and last known addresses and phone numbers of all the children of Hattie Housworth."
ORDERED that the order is modified, on the law and on the facts, by deleting the provision thereof denying that branch of the motion of RMX, LLC, which was to suspend Menfus Housworth and Calvin Hill as administrators of the decedent's estate, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
Mary E. Steward (hereinafter the decedent) passed away on July 15, 1999, leaving a will which directed that certain properties she owned in Georgia be sold, with the net proceeds paid in equal shares to the decedent's two sisters, Hattie Housworth (hereinafter Hattie) and Minnie Hill (hereinafter Minnie), brother, Rufus Tutt (hereinafter Rufus), niece, Sara Martin, and two grandnieces, Jennifer Martin and Sharon Martin. On April 2, 2001, the will was admitted to probate before the Kings County Surrogate's Court, which issued letters of administration to Menfus Housworth (hereinafter Menfus), the grandson of Hattie, and Calvin Hill (hereinafter Calvin), the son of Minnie. Prior to the administration of the decedent's estate, her siblings passed away. Also prior to the administration of the estate, the decedent's niece and grandnieces, and the heirs of Minnie and Rufus, all executed quitclaim deeds transferring their interests in the estate to RMX, LLC (hereinafter RMX). However, the heirs of Hattie declined to transfer their interests in the estate to RMX.
In September 2018, RMX filed a petition, with an accompanying order to show cause, seeking, inter alia, to revoke the letters of administration issued to Menfus and Calvin (hereinafter together the administrators), to suspend the administrators as fiduciaries, and to appoint Thomas J. [*2]Hills, a principal of RMX, as administrator of the decedent's estate. The petition alleged that the administrators had allowed the estate to languish for nearly two decades, and that Menfus was acting against the interests of the estate.
On October 4, 2018, the Surrogate's Court issued a decision and order, wherein the court "decline[d] to entertain [RMX's] petition." The court noted that RMX had unsuccessfully brought proceedings in Georgia "to acquire an entire interest in the decedent's real property," which "is the situs of the real property" at issue, and determined that the subject petition, among other things, to revoke the letters of administration, was "a transparent attempt to forum shop." On November 5, 2018, this Court granted an application by RMX pursuant to CPLR 5704 to execute RMX's order to show cause, without any interim relief.
In a letter dated December 11, 2018, the Surrogate's Court advised RMX that its petition failed to set forth the names and addresses of all interested persons, and that pursuant to SCPA 304 and 712, RMX "must submit an amended petition" setting forth the names and addresses of the issue of all interested persons, including the heirs of Hattie. Also in December 2018, Menfus filed various objections to RMX's petition. Thereafter, RMX moved to strike the objections filed by Menfus to its petition, to suspend the administrators, and to direct Menfus to "set forth, in a statement verified under oath and filed with the Surrogate and served on [RMX's] attorney, the names and last known addresses and phone numbers of all the children of Hattie Housworth."
On January 24, 2019, RMX served, inter alia, an amended verified petition, which named three heirs of Hattie. The amended petition set forth the addresses of two of the heirs, Emory Housworth and Ann Housworth, and indicated that unsuccessful efforts had been made to determine the address of the third heir, Greg Housworth.
In an order dated February 20, 2019, the Surrogate's Court denied RMX's motion, "without prejudice to renewal upon completion of service upon all interested parties." The court determined, in essence, that it would be premature to grant the relief requested in the petition until RMX served all interested parties, including the issue of Hattie, and that RMX's amended petition was "not in proper form." RMX appeals.
Pursuant to SCPA 719, "the court may make a decree suspending . . . or revoking letters issued to a fiduciary from the court . . . without a petition or the issuance of process" where, among other things, "any of the facts provided in [SCPA] 711 are brought to the attention of the court" (SCPA 719[10] [emphasis added]). The circumstances set forth under SCPA 711 justifying "a decree suspending . . . or revoking those letters" include a fiduciary "having wasted or improperly applied the assets of the estate" (SCPA 711[2]) or having "removed property of the estate . . . without prior approval of the court" (SCPA 711[7]). "The removal of a fiduciary pursuant to SCPA 711 and 719 is equivalent to 'a judicial nullification of the testator's choice and may only be decreed when the grounds set forth in the relevant statutes have been clearly established'" (Matter of Mercer, 119 AD3d 689, 691, quoting Matter of Duke, 87 NY2d 465, 473; see Matter of Collins, 36 AD3d 1191, 1193; Matter of Petrocelli, 307 AD2d 358, 359-360). The grounds set forth under SCPA 711 may be clearly established "by undisputed facts or concessions, where the fiduciary's in-court conduct causes such facts to be within the court's knowledge, or where facts warranting amendment of letters are presented to the court during a related evidentiary proceeding" (Matter of Duke, 87 NY2d at 472-473 [citations omitted]). "Thus, revoking a fiduciary's letters . . . pursuant to SCPA 719 will constitute an abuse of discretion 'where the facts are disputed, where conflicting inferences may be drawn therefrom, . . . or where there are claimed mitigating facts that, if established, would render summary removal an inappropriate remedy'" (Matter of Mercer, 119 AD3d at 691-692, quoting Matter of Duke, 87 NY2d at 473).
Here, the record contains undisputed evidence of conflict between the administrators, and evidence that the animosity between them has interfered with the expeditious administration of the decedent's estate, which they have allowed to languish for nearly two decades (see Matter of Kaufman, 137 AD3d 1034, 1035; Matter of Berlin, 135 AD3d 746, 750). Moreover, Menfus admitted, in response to RMX's interrogatories in a related proceeding in Georgia, that he executed [*3]a deed to one of the subject properties to himself, and permitted his father to live in the other property rent free. Further, inasmuch as the decedent did not appoint the administrators as executors of the estate in her will, it cannot be said that their suspension would violate her express intent (cf. Matter of Venezia, 25 AD3d 717, 719). Accordingly, the Surrogate's Court should have granted that branch of RMX's motion which was to suspend the administrators.
RMX's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court