Matter of Bonerb (2021 NY Slip Op 06487)





Matter of Bonerb


2021 NY Slip Op 06487


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, AND DEJOSEPH, JJ.


756 CA 20-01232

[*1]IN THE MATTER OF THE GUARDIANSHIP OF WHITNEY BONERB AND IN THE MATTER OF THE WHITNEY BONERB CREDIT SHELTER SUPPLEMENTAL NEEDS TRUST
JAMES J. BONERB, PETITIONER-RESPONDENT, v
SUZETTE BONERB, RESPONDENT-APPELLANT, LISA J. ALLEN, ESQ., AS CO-TRUSTEE OF THE WHITNEY BONERB SUPPLEMENTAL NEEDS TRUST, CHANEL T. MCCARTHY, ESQ., AS GUARDIAN AD LITEM FOR WHITNEY BONERB AND JENNIFER G. FLANNERY, ESQ., ERIE COUNTY PUBLIC ADMINISTRATOR, AS TEMPORARY CO-GUARDIAN OF THE PERSON AND TEMPORARY CO-TRUSTEE OF THE WHITNEY BONERB SUPPLEMENTAL NEEDS TRUST, RESPONDENTS-RESPONDENTS. 






KAVINOKY COOK LLP, BUFFALO (LAURENCE K. RUBIN OF COUNSEL), FOR RESPONDENT-APPELLANT.
MCCARTHY WILLIAMS PLLC, BUFFALO (CHANEL T. MCCARTHY OF COUNSEL), FOR RESPONDENT-RESPONDENT CHANEL T. MCCARTHY, ESQ., AS GUARDIAN AD LITEM



 Appeal from a decree (denominated order) of the Surrogate's Court, Erie County (Acea M. Mosey, S.), entered August 24, 2020. The decree granted both petitions. 
It is hereby ORDERED that the decree so appealed from is unanimously modified on the law by vacating those parts granting the petitions and removing respondent Suzette Bonerb as co-guardian of the person of Whitney Bonerb and co-trustee of the Whitney Bonerb Credit Shelter Supplemental Needs Trust, and as modified the decree is affirmed without costs and the matter is remitted to Surrogate's Court, Erie County, for further proceedings.
Memorandum: Petitioner and Suzette Bonerb (respondent) were previously appointed co-guardians of their adult child, Whitney Bonerb, and co-trustees of the Whitney Bonerb Credit Shelter Supplemental Needs Trust (Trust). Petitioner commenced these proceedings with petitions seeking to remove respondent as co-guardian and co-trustee on the ground that respondent was ineligible to be appointed to those fiduciary positions under section 711 of the Surrogate Court Procedure Act, and respondent moved, inter alia, to dismiss the petitions. Respondent appeals from a decree that denied her motions and granted the petitions.
We reject respondent's contention that Surrogate's Court erred in denying her motions to dismiss the petitions (see generally SCPA 711 [1]; 719 [6], [10]). To the extent that her motions are based on the contention the Surrogate was required to dismiss the petitions because [*2]respondent had obtained a certificate of relief from disabilities, we note that the mere issuance of a certificate does not require dismissal of the petitions. To the contrary, "[a] certificate of relief from disabilities shall not . . . in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as the basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege" (Correction Law § 701 [3]). Thus, the certificate does not prevent the Surrogate "from revoking [respondent's appointments] in the exercise of its discretion (see Correction Law § 701 [3]); it merely preclude[s] the automatic revocation of" those appointments (Matter of Plantone v State of N.Y. Dept. of State, Div. of Licensing Servs., 251 AD2d 1049, 1049 [4th Dept 1998]; see Matter of Ogundu v State of N.Y. Dept. of Health, State Bd. for Professional Med. Conduct, 188 AD3d 1469, 1471 [3d Dept 2020]). Respondent's further contention that the doctrine of collateral estoppel bars petitioner from relying on the felony conviction was not raised in her motions and thus is not properly before us (see Jones v Town of Carroll, 158 AD3d 1325, 1328 [4th Dept 2018], lv dismissed 31 NY3d 1064 [2018]; Matter of Hall, 275 AD2d 979, 979 [4th Dept 2000]).
We agree with respondent, however, that the Surrogate erred in granting the petitions without a hearing. Insofar as relevant here, the Surrogate "may make a decree suspending, modifying or revoking letters issued to a fiduciary from the court or removing a lifetime trustee or modifying or suspending the powers of a lifetime trustee without a petition or the issuance of process . . . [w]here he [or she] has been convicted of a felony" (SCPA 719 [6]), or "[w]here any of the facts provided in [section] 711 are brought to the attention of the court" (SCPA 719 [10]). Nevertheless, "[t]he Surrogate may remove without a hearing only where the misconduct is established by undisputed facts or concessions [or] where the fiduciary's in-court conduct causes such facts to be within the court's knowledge" (Matter of Duke, 87 NY2d 465, 472 [1996]). Additionally, "revoking a fiduciary's letters . . . pursuant to SCPA 719 will constitute an abuse of discretion 'where the facts are disputed, where conflicting inferences may be drawn therefrom, . . . or where there are claimed mitigating facts that, if established, would render summary removal an inappropriate remedy' " (Matter of Mercer, 119 AD3d 689, 691-692 [2d Dept 2014], quoting Duke, 87 NY2d at 473; see Matter of Steward, 193 AD3d 940, 942 [2d Dept 2021]; Matter of Kaufman, 137 AD3d 1034, 1035 [2d Dept 2016], lv denied 28 NY3d 908 [2016]). Here, respondent conceded that she had been convicted of a felony, but established that she disclosed that fact in the applications for appointments and that she later obtained a certificate of relief from disabilities with respect to that felony (see Correction Law § 701). Furthermore, she contended that she had been advised by counsel that she was eligible to be appointed a fiduciary at the time when she signed the statement to that effect. Consequently, the Surrogate must make a credibility determination concerning those issues, and then exercise her discretion concerning whether respondent should be removed from her appointments (cf. Matter of Weinraub, 66 AD3d 691, 691-692 [2d Dept 2009]; see generally Duke, 87 NY2d at 473). We therefore modify the decree by vacating those parts granting the petitions and removing respondent Suzette Bonerb as co-guardian of the person of Whitney Bonerb and co-trustee of the Whitney Bonerb Credit Shelter Supplemental Needs Trust, and we remit the matter to Surrogate's Court for further proceedings consistent with this decision.
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court