Matter of Cozzoli (2024 NY Slip Op 00764)

Matter of Cozzoli

2024 NY Slip Op 00764

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2021-04618

[*1]In the Matter of Lucille J. Cozzoli, deceased. John J. Cozzoli, et al., respondents; Michelle Diblosi, appellant. (File No. 2586/18)

Greenberg Traurig, LLP, New York, NY (Paul H. Schafhauser of counsel), for appellant.
McCoyd, Parkas & Ronan LLP, Garden City, NY (Bill P. Parkas of counsel), for respondents.

DECISION & ORDER
In a probate proceeding in which John J. Cozzoli and Dina V. Cozzoli petitioned, inter alia, to compel the release of funds from the Lucille J. Cozzoli Grantor-Retained Annuity Trust, Michelle Diblosi appeals from an order of the Surrogate's Court, Suffolk County (Theresa Whelan, S.), dated June 10, 2021. The order suspended Michelle Diblosi from serving as a trustee of the Lucille J. Cozzoli Grantor-Retained Annuity Trust until further order of the court.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed, with costs payable by the appellant personally.
John J. Cozzoli, Dina V. Cozzoli, and Michelle Diblosi are the children of Lucille J. Cozzoli (hereinafter the decedent) and cotrustees of the Lucille J. Cozzoli Grantor-Retained Annuity Trust (hereinafter the GRAT). The decedent died on May 21, 2018. In June 2018, John and Dina (hereinafter together the petitioners), who are the executors named in the decedent's will, filed a petition for probate of the decedent's will and letters testamentary. In an order dated August 31, 2018, the Surrogate's Court issued preliminary letters testamentary to the petitioners. On or about September 7, 2018, Diblosi filed objections to the issuance of letters testamentary to the petitioners. In a decree dated October 22, 2020, the court admitted the will for probate, issued letters of administration c.t.a. to the Public Administrator of Suffolk County, and revoked the preliminary letters testamentary issued to the petitioners.
In January 2020, the petitioners filed a petition, inter alia, to compel the release of funds from the GRAT for payment of New York State estate taxes owed or, in the alternative, to suspend or remove Diblosi as a cotrustee of the GRAT (hereinafter the GRAT petition). After the Surrogate's Court denied Diblosi's motion to dismiss the GRAT petition and Diblosi filed an answer to the GRAT petition, the parties and the Public Administrator appeared before the court for a conference on June 3, 2021. During the conference, the petitioners' attorney made an oral application to immediately suspend Diblosi as a cotrustee of the GRAT pursuant to SCPA 719 and [*2]711. In an order dated June 10, 2021, the court suspended Diblosi from serving as a cotrustee of the GRAT until further order of the court. Diblosi appeals.
Pursuant to SCPA 719, the Surrogate's Court may "make a decree suspending, modifying or revoking letters issued to a fiduciary from the court or removing a lifetime trustee or modifying or suspending the powers of a lifetime trustee without a petition or the issuance of process" where, among other things, "any of the facts provided in [SPCA] 711 are brought to the attention of the court" (id. § 719[10]). The circumstances set forth under SCPA 711 justifying a decree suspending or revoking letters issued to a fiduciary or suspending or removing a lifetime trustee include where the fiduciary is unfit for the execution of his or her office by reason of having "wasted or improperly applied the assets of the estate, . . . or otherwise improvidently managed or injured the property committed to his [or her] charge, . . . or by reason of other misconduct in the execution of his [or her] office or dishonesty, drunkenness, improvidence or want of understanding" (id. § 711[2]). "[A]n individual seeking removal [of a trustee] bears the burden of demonstrating that the trustee has violated or threatens to violate his or her trust or is otherwise unsuitable to execute the trust" (Matter of Epstein, 202 AD3d 669, 673 [internal quotation marks omitted]; see SCPA 711[11]; EPTL 7-2.6[a][2]; Matter of Giles, 74 AD3d 1499, 1503).
The removal of a fiduciary or trustee pursuant to SCPA 711 and 719 may only be decreed "when the grounds set forth in the relevant statutes have been clearly established" (Matter of Duke, 87 NY2d 465, 473; see Matter of Epstein, 202 AD3d at 671). "The Surrogate may remove without a hearing only where the misconduct is established by undisputed facts or concessions, where the fiduciary's in-court conduct causes such facts to be within the court's knowledge or where facts warranting amendment of letters are presented to the court during a related evidentiary proceeding" (Matter of Duke, 87 NY2d at 472-473 [citations omitted]; see Matter of Steward, 193 AD3d 940, 942). "[W]hile courts have the power to remove a fiduciary, that power is exercised sparingly and only where the record demonstrates a danger to the estate or trust if removal is denied" (Matter of Epstein, 202 AD3d at 671 [internal quotation marks omitted]; see Matter of Duke, 87 NY2d at 473).
Here, it is undisputed that the GRAT was responsible to pay its portion of the New York State estate taxes due on the decedent's estate and that Diblosi, as a cotrustee, refused to consent to the release of the funds from the GRAT to pay that tax liability, causing penalties and interest to accrue. Given Diblosi's undisputed refusal to cooperate in paying the GRAT's taxes, even at the cost of paying penalties and interest, the Surrogate's Court did not improvidently exercise its discretion in suspending Diblosi as a cotrustee of the GRAT (see SCPA 711, 719; Matter of Epstein, 202 AD3d at 672-673; Matter of Israel, 166 Misc 156, 157 [Sur Ct, NY County], affd, 256 App Div 1063).
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court